## VENNUM v. GREGORY.

1. **Interest:** IN ABSENCE OF CONTRACT: DAMAGES. The rate of interest on all indebtedness is six per cent per annum, unless a different rate be agreed upon and expressed in writing. It is not competent for the court to allow, as *damages* for the non-payment of money, more than the legal rate of interest.

2. **Principal and agent:** FRAUD: COMPENSATION. When the agent is guilty of such fraud upon the principal in the transaction of the business of his agency as to compel the principal to resort to litigation to protect his rights, the agent forfeits his right to compensation for services; but this does not extend to moneys paid to third persons for their services.

*Appeal from Fayette District Court.*

. FRIDAY, OCTOBER 19.

THE plaintiffs claim in their petition that they advanced to the defendant certain money to buy for them, and as their agent, a lot of cattle recommended by the defendant to them, and belonging to a neighbor; and that the defendant bought the cattle at one price and represented to plaintiffs that he had paid another and greater price. The defendant, in his answer, claims that he sold the cattle to the plaintiffs at the greater price, as agreed .

between them, and that he was not acting, nor was he in fact the agent of plaintiffs to purchase them.

A jury trial was waived, and the cause tried to the court, which correctly found from the evidence, as follows: That said defendant was the agent of said plaintiffs in the purchase of the cattle, and that he purchased the same for seven hundred and fifteen dollars and eighty-nine cents, and received from plaintiffs eight hundred and forty dollars, being one hundred and twenty-four dollars and eleven cents more than he paid; also, that plaintiffs paid defendant ten dollars for his services, and to Samuel Holmes ten dollars for his services. Whereupon the court adjudged, "that plaintiffs were entitled to recover from defendant one hundred and twenty-four dollars and eleven cents, on account of the difference between the price for which they were purchased and the amount received by defendant, and eight dollars and ten cents as damages for withholding the same from that date to the present, at the rate of ten per cent per annum; and twenty dollars on account of money paid said defendant and S. Holmes for their trouble, and one dollar and thirty-two cents as damages, being ten per cent on said last amount from that date to the present; amounting in all to one hundred and fifty-three dollars and sixty-nine cents."

The defendant filed his motion for a new trial, which was overruled and he now appeals.

*W. McClintock* for the appellant.

*L. L. Ainsworth* for the appellees.

COLE, J.—The evidence fully sustains the findings of fact by the court. The only questions for us to determine, are as to the correctness of the legal conclusions or adjudications upon those facts.

The District Court allowed plaintiffs ten per cent per annum interest, upon the excess of the amount received over the amount paid out, as damages. This was erroneous. The rate of interest is six per cent, unless a different rate ·be agreed upon and expressed in writing. Rev., § 1787. And although interest was allowed in this case *as damages*, it was not competent for the court to allow more than the legal rate —six per cent. *Thrift* v. *Redman*, 13 Iowa, 25 ; *Knapp* v. *Miller*, Id., 596 ; *Myers* v. *Smith*, 15 Id., 181.

*1. INTER-EST: in absence of contract: damages.*

The court below required the defendant to refund the money—ten dollars—received by. him of plaintiffs for his services as their agent. This it was competent and proper to do, since the facts found· show that the defendant was guilty of an intentional gross fraud upon the plaintiffs in the matter of his agency. When the agent is guilty of such fraud upon the principals, in the transaction of his agency, and the.principals are put to the trouble and expense of litigation in order to .secure their rights, it is but just and equitable that the agent shall forfeit his right to compensation for· his services as a penalty for his fraudulent conduct. Story on Agency, §§ 333, 334.

*2. PRINCIPAL AND AGENT: fraud: compensation.*

But in this case the court required the defendant to refund to plaintiffs the amount—ten dollars—paid by them to Samuel Holmes, for *his* services. This was error, ·as well as the allowing of ten per cent on the two sums.

The judgment should have been for the plaintiffs for the difference as found by the court, and for the amount paid defendant for his services, and six per cent thereon from date of the receipt thereof by the defendant, up to date of judgment.

Since the defendant made the excess of the judgment one ground for a new trial, thus calling the attention of ·the court to that particular point, the appellees must pay

the costs of this appeal. And if plaintiffs choose, they may remit the excess, and have judgment here for the correct amount. Otherwise the judgment will be

Reversed.