*F. T. Hord*, for appellee.

----•----

## PORTER and Another *v.* SILVERS.

PRACTICE.—*Assignment of Error.*—*Motion to Strike Out.*—The refusal of the court to strike out a portion of a paragraph of pleading cannot be assigned for error.

SAME.—*Demurrer.*—Where a demurrer is not set out in the record, no question with reference to a ruling upon it can be presented in the Supreme Court.

PLEADING—A judgment will not be reversed on account of the improper sustaining of a demurrer to a paragraph, or to several paragraphs, of an answer, when the same matter is admissible in evidence under the remaining paragraphs of the answer.

AGENT.—*Commissions.*—If an agent does not perform his duties, or is guilty of gross negligence, or gross misconduct, or gross unskilfulness, he not only becomes liable to his principal for the damages the latter may have sustained, but he also forfeits all claims to commissions.

APPEAL from the Howard Circuit Court.

DOWNEY, C. J.—Silvers sued Porter & Mills, who were real estate agents, to compel them to account for the proceeds of real estate belonging to him, which they had sold under his employment.

The complaint contains two special paragraphs, and also a paragraph for money had and received. The defendants moved the court to strike out parts of the first and second paragraphs of the complaint, which motion was overruled, and this is assigned as the first error. But there was no proper exception to this ruling of the court, and we cannot, therefore, re-examine it. See *Miller* v. *Deaver*, 30 Ind. 371, where it is held that this cannot be assigned for error. There

was a demurrer by the defendants to each paragraph of the complaint, which was overruled, and this is the second error complained of. But this demurrer is not set out in the record, and therefore there is no question before us with reference to it.

The defendants then answered in four paragraphs. A demurrer was sustained by the court to the second and third, and overruled as to the fourth; and this action of the court constitutes the ground of the third assignment of error.

We do not see any good objection to the second or third paragraph of the answer, but we think the same matter set up in these paragraphs was admissible either under the general denial or under the fourth paragraph of the answer, on which issue was taken by general denial, and was actually admitted and considered under these issues.

This court will not reverse a judgment on account of the improper sustaining of a demurrer to a paragraph, or to several paragraphs, of an answer, where the same matter is admissible under the remaining paragraphs of the answer.

The fourth alleged error is the refusal of the court to grant a new trial, on the ground that the evidence is insufficient to sustain the verdict.

There were two theories of the case; each party sustained his own theory in the pleadings and by his evidence. The court, in what seems to us to have been a full and fair examination of the facts of the case, adopted the theory of the plaintiff, and found for him, refusing to set aside the finding on a motion for a new trial.

It is contended by counsel for the appellants, among other things, that the amount of the judgment is too large. But if the jury added interest to the amount of their finding, which they might do if they thought proper to do so, the amount is not too large, even after deducting the compensation which the plaintiff testified the defendants were to receive.

If no allowance for services had been made by the court, we are not prepared to say that the judgment should have been reversed on that account. If an agent does not per-

form his duties, or is guilty of gross negligence, or gross misconduct, or gross unskilfulness, he not only becomes liable to his principal for the damages which he may have sustained, but he also forfeits all claim to commissions. Story Agency, sec. 331, *et seq.*, and authorities cited. The allegations of fraud and gross misconduct made by the plaintiff against the defendants having been found by the court to be true, the court might have withheld any allowance to the defendants as commissions. We cannot interfere.

The last error assigned is, that the court erred in rendering final judgment for the plaintiff against the defendants.

There is nothing in this assignment. Judgment follows as a legal and logical consequence, where the verdict of the jury or the finding of the court is not set aside.

The judgment is affirmed, with five per cent. damages and costs.

*J. W. Robinson*, for appellants.

*M. Bell* and *A. S. Bell*, for appellee.