RAMSEY v. HENDERSON, *Appellant.*

1. **Pleadings: ESTOPPEL.** Parties are bound by their pleadings, and courts cannot give relief inconsistent with the statement of facts and admissions contained therein.

2. **Practice in Supreme Court**: CONFLICT OF EVIDENCE. Where the question in issue was the alleged verbal purchase from plaintiff by defendant of the premises in controversy, and whether the latter held possession thereunder, or as the tenant of the plaintiff, and plaintiff and defendant, who were the only witnesses, contradicted each other, and the court found for the plaintiff, the finding will not be disturbed by the Supreme Court.

*Appeal from Greene Circuit Court.*— HON. W. F. GEIGER, Judge.

AFFIRMED.

*R. L. Goode, T. J. Delaney* and *F. H. Sheppard* for appellant.

(1) A verbal vendee remaining in possession after the agreement or the vendor's liability to convey to him is ended is a tenant at will. Taylor's Landlord and Tenant [6 Ed.] sec. 25, p. 20; *Macklot v. Dubreuil*, 9 Mo. 487; *Ash v. Holder*, 36 Mo. 166; *Willison v. Watkins*, 3 Pet. 43; *Galloway v. Finley*, 12 Pet. 464. The rule of the common law as to notice to quit to a strict tenant at will has been changed in Missouri. *Hammon v. Douglas*, 50 Mo. 434, 442; *Murray v. Armstrong*, 11 Mo. 213; R. S., sec. 3078; *Young v. Ingle*, 14 Mo. 428. (2) A tenant has the right to buy the rented land from a stranger who has acquired title at tax sale, and the tenant can set up such title against his landlord, and such purchase cannot be assimilated to a void attornment. R. S., 1879, sec. 3080; Taylor's Landlord and Tenant, sec. 180, p. 136; *Pentz v. Kuester*, 41 Mo. 447; *Gunn v. Sinclair*, 52 Mo. 327; *May v. Luckett*, 53 Mo. 437; *Kingman v. Abingdon*, 56 Mo. 46; *Higgins v. Turner*, 61 Mo. 249; *Silvey v. Sumner*, 61 Mo. 253. (3) One having a warranty deed has a right to sue on a covenant in case of eviction from any part of the land by title superior, and a verbal vendee in possession,

who has made improvements of value, and is evicted by title superior from part of the land, may, if he has paid beyond a fair proportion, demand a deed for the residue, and sue for the overpayment. *Luckett v. Williams*, 31 Mo. 54. And if he has bought the part from which he was evicted he can recover a fair price for it. *Hall v. Bray*, 51 Mo. 288; *Galloway v. Finley*, 12 Peters, 295. (4) Hard or oppressive bargains between persons of different degrees of mental ability appeal strongly to the ear of the chancellor. *Holmes v. Fresh*, 9 Mo. 201; *Railroad v. Brown*, 43 Mo. 294; *Cadwallader v. West*, 48 Mo. 483; *Durfee v. Morgan*, 57 Mo. 374; *Phillips v. Stewart*, 59 Mo. 491. (5) Fraudulent representations as to the situation of the land sold entitle the buyer to relief. *Owens v. Rector*, 44 Mo. 389; *Langdon v. Green*, 49 Mo. 363. (6) In questions of location any survey is admitted for what it is worth. The county surveyor's is not exclusive. *Mincke v. Skinner*, 44 Mo. 98; *Williamson v. Fisher*, 50 Mo. 200; *Weaver v. Robinett*, 17 Mo. 459. (7) The law does not forbid a county surveyor from acting as a private surveyor for gain, and it does not make such action official. R. S., 1879, ch. 58, art. 2, ch. 158. To make the county surveyor's action official it must proceed under section 7384 or 3432, Revised Statutes. The prohibition of section 7382 applies only to such modern surveys as are made under sections 3432, 7384, and to such ancient surveys as are alluded to in 6 Mo. 219; 8 Mo. 553; 15 Mo. 80; 16 Mo. 124, 273; 18 Mo. 243; (8) Declarations made (*ante litem motam*) concerning an ancient right connected with a matter of public interest (such as the location of a highway by reputation and user), by one having competent knowledge and since dead, are admissible evidence. 1 Greenlf. Evid. [Redf. Ed.] 151. Declarations *post litem motam* are excluded. *Ibid*, p. 156, sec. 133. When *ante litem motam*, they are admitted though they disprove the ancient right. *Ibid*, sec. 140, p. 162.

*J. T. White* and *J. P. McCammon* for respondent.

(1) The trial court committed no error in giving the declarations asked by plaintiff. Defendant having denied plaintiff's title, and having accepted conveyance from a stranger is not entitled to notice to quit. Taylor on Landlord and Tenant [5 Ed.] p. 346, sec. 472, and cases cited; *Ibid*, p. 386, sec. 522, and cases cited; *Stephens v. Brown*, 56 Mo. 23; 3 Wait Act. & Def., p. 87, secs. 1, 2; *Ibid*, p. 90, sec. 30; *Bolten v. Landers*, 27 Cal. 104; *Smith v. Ogg Shaw*, 16 Cal. 88; *Wilson v. Watkins*, 3 Pet. 48; *Peyton v. Smith*, 5 Pet. 49. (2) The defendant in her answer having admitted possession of the north-west quarter of lot thirty-seven, and plaintiff having established a title to the same, the trial court rightly gave judgment for plaintiff. (3) The trial court by its verdict found that defendant was tenant and not vendee, and this court will not disturb the verdict. *Hamilton v. Boggess*, 63 Mo. 233, 252; *Waddill v. Williams*, 50 Mo. 219. (4) The finding of the court below that defendant was not a vendee entitled to specific performance was in accordance with the evidence. Waterman Spec. Perf., secs. 265, 269, 291; *Sitton v. Shipp*, 65 Mo. 302; *Minturn v. Baylis*, 33 Cal. 129. (5) Even had a contract of purchase been clearly proved, there was no part performance of such contract as would take the case out of the statute of frauds. Waterman Spec. Perf., sec. 268; *Spalding v. Conzelman*, 30 Mo. 177; *Young v. Montgomery*, 28 Mo. 604. One cannot ask specific performance of a contract until he can show that he has performed his part of it. Tyler on Ejectment, 565; *Gibbs v. Sullens*, 48 Mo. 237. (6) The evidence of the county surveyor, Youngblood, was admissible to show the location of the lot sued for. R. S., 1879, sec. 7382.

RAY, J.—This is an action of ejectment, in the usual

form, by plaintiff, to recover from defendant the possession of a parcel of ground, described in the petition, as "the northwest quarter of lot thirty-seven, Stephens' addition to the city of Springfield, Missouri." The answer of defendant, and portions of the evidence deemed material and pertinent to the action of the court, upon declarations of law, will be noticed hereafter in the progress of the opinion. The case was tried by the court, without the aid of a jury, and a finding and judgment had in favor of plaintiff for the recovery of the possession of the premises described in the petition, from which judgment the defendant has appealed to this court.

The paper title to said lot thirty-seven, read in evidence by plaintiff, seems to be formal and regular in all respects. No question is, we believe, made in that behalf. The defendant acquired her possession, in the first instance, about the years 1872 or 1873, as the tenant of plaintiff. Both plaintiff and defendant so testify. Defendant testifies that, subsequently, she held under a verbal contract of purchase. In 1881, Sheppard bought lots numbered 34, 35 and 36, in said addition, and claimed according to a survey and measurement made to establish the corners of his lots, that the defendant had built her cabin and dug her well on the south part of his said lot 36, which, according to the plat offered in evidence, lies immediately north of lot 37. Sheppard, shortly afterwards, sued defendant in ejectment, and recovered, the suit being undefended, and thereafter sold the southwest quarter of lot 36 to the defendant, at and for the sum of thirty dollars. A proper chain of title to said lot, last mentioned, was read in evidence by defendant at the trial.

The claim was made in defendant's behalf, at the trial, and is renewed here, that this lot, to-wit, the southwest quarter of lot 36, was the land plaintiff sued for and was really seeking to recover, although it was described

Ramsey v. Henderson.

in the petition as the northwest quarter of lot 37. As the pleadings in the cause then were, we do not see how this claim and evidence in that behalf was competent or admissible. Parties are bound by their pleadings. Courts cannot disregard them, or give relief in conflict with and inconsistent with their statements of facts and admissions. The petition in the case, as we have seen, described the lot sued for, as "the northwest quarter of lot 37." The answer in the case, we may observe, embraces two defences. First, it says, "for answer defendant admits the possession of the northwest quarter of lot 37, Stephens' addition to the city of Springfield, and denies every other allegation in plaintiff's petition contained." So far as this first defence, therefore, is concerned, the only issue is as to the right to the possession of the ground, which is described in the answer, as well as in the petition, as the "northwest quarter of lot 37," in said addition.

The second, and "equitable defence," set up in the answer, charges that defendant verbally contracted to buy from plaintiff the west half of lot 37, "but that the tract of land plaintiff showed defendant, really consisted of the southwest quarter of lot 36, and the northwest quarter of lot 37, in the addition aforesaid, and *the same is the tract of land sued for by plaintiff, in this action.*" It further charges that defendant "has made improvements of value on the northwest quarter of lot 37." It also charges that some one else is in possession, by purchase and deed from plaintiff, of the southwest quarter of lot 37 (which is the other quarter of the west half of lot 37, alleged to have been contracted for as aforesaid), and that the title thereto has failed. It also charges that defendant has been evicted by superior title from the southwest quarter of lot 36, which is the said quarter lot bought of Sheppard, and prays a decree vesting title in her to the northwest quarter of lot 37, and for an accounting and for judgment for excess of payments.

This, then, being in substance, the answer, we are at a loss to see what said lot 36 has to do with the case. It is not described in the petition, nor was it embraced in the verbal contract, and defendant says plaintiff did not own it, and has nothing to do with it, and the answer admits in both defences, as we have seen, that defendant is in possession of the northwest quarter of lot 37, the lot described in the petition. The issues, thus made, under this second defence to the petition, are, we think, whether there was any verbal contract of purchase of the west half of lot 37, and if so, whether there had been a failure of title and consideration in respect to the southwest quarter of lot 37, and what the damages, if any, the defendant was entitled to on that account.

The title to lot 37, including the southwest quarter of lot 37, was shown to be in plaintiff, and no conveyance from him for said southwest quarter of lot 37 was shown, although the answer alleged, as we have seen, that he had so conveyed. The plaintiff, it would seem, therefore, was in position to execute and specifically perform the verbal contract, provided the court had found it had been made and entered into. Under the description of the land, given in the petition, and the admission in the answer, plaintiff was entitled, under his title, read in evidence, to recover the possession, unless the court found he made and failed to perform the verbal contract, set up in the answer, to sell and convey the west half of said lot 37, or had at least agreed to convey the northwest quarter of lot 37. The question of most importance and merit, in the case, was in reference to the alleged verbal purchase of the half lot, and whether defendant held possession thereunder, or as the tenant of the plaintiff. Plaintiff and defendant were the only witnesses testifying in that behalf, and they contradicted each other, and with this conflict in their evidence, the trial court found for plaintiff.

Ramsey v. Henderson.

Under such circumstances its finding will not be disturbed, or interfered with by this court. These views make it unnecessary, we think, to notice the several surveys offered in evidence by the parties.

We deem it necessary to say but little about the action of the court upon declarations of law. Those given at plaintiff's instance, announced in substance the doctrine that if defendant had entered as plaintiff's tenant and had denied and repudiated plaintiff's title, she was not entitled to notice to quit. These instructions were supported by evidence in the cause, and afford no ground for reversal. The first asked for defendant, declared the survey made by the county surveyors inadmissible, but the evidence of a survey made by defendant's grantor, before the controversy arose, admissible. The second was, that if the land sued for, by plaintiff, was believed, on the evidence, to be a part of lot 37, the defendant was plaintiff's tenant at will, as a verbal vendee, or from month to month, and entitled to notice to quit. These were the only ones refused and the court's action in that behalf, was, we think, manifestly correct. Even if the first was correct, its refusal was, we think, under the pleadings and facts of the case, without prejudice to the defendants, whilst the second is too narrow, and even if otherwise correct, wholly ignores the evidence as to the disclaimer of plaintiff's title by defendant.

Finding no error in the record calling for a reversal, we affirm the judgment, and it is so ordered. All concur.