WILLIAM L. PĀUL, Respondent, v. THE MINNE-
APOLIS THRESHING MACHINE COMPANY,
Appellant.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Master and Servant:** DISCHARGE: SALARY: FRAUD. A party
suing on the contract must show his performance, and where the
servant employed for a definite time quits or is discharged for good
cause or is guilty of fraud upon his master, he can not recover his
salary.

2. ———: PLEADING: RELIEF: SALARY. Where a servant sues
for his salary and the answer is for an accounting, and the finding
shows the master indebted, he can not escape his liability on the
ground that the servant was guilty of fraud in his account and dis-
charged therefor, since he is bound by his pleading. Adhered to on
motion for rehearing.

3. **Appellate Practice:** REVIEW OF FINDING: EVIDENCE. The
appellate court will not review the finding of the trial court when
all the evidence is not before it.

4. **Trial Practice:** COSTS: MOTION TO TAX. A motion to tax the
cost, based upon the ground that the cost should have been taxed
against the other party, should be filed within four days after trial
and judgment. Adhered to on motion for rehearing.

'Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

AFFIRMED.

*Charles R. Pence, Charles W. Webster* for appellant.

(1) Plaintiff can not recover upon the contract of em-
ployment for the reason that he has willfully failed to perform

it, and for such failure was rightfully discharged by the defendant; nor can he recover upon a *quantum meruit* for the reasons, first, that his action is based upon a contract, and second, his services were rendered under a contract, in the performance of which he was guilty throughout of fraudulent misconduct and of a willful violation of its terms, both express and implied. Peterson v. Mayer, 46 Minn. 468; Sea v. Carpenter, 16 Ohio 412; Vennum v. Gregory, 21 Ia. 326; Sumner v. Reicheniche, 9 Kan. 320; Jones v. Hoyt, 25 Conn. 386; Railroad v. Patterson, 15 Ind. 70; Porters v. Silvers, 35 Ind. 295; Massey v. Taylor, 5 Cold. (Tenn.) 447; Libhart v. Wood, 1 Watts & Sergeant, (Penn.), 265; Fordyce v. Pepper, 16 Fed. Rep. 516; Wadsworth v. Adams, 138 U. S. 380; Schaeffer v. Blair, 33 Fed. Rep. 218; s. c. 149 U. S. 248; Keener on Quasi Contracts, p. 214 et seq.; Lewis v. Slack, 27 Mo. App. 119; Eyerman v. Cem. Ass'n, 61 Mo. 489. (2) In the foregoing cases either fraud or misconduct was the ground upon which the agent was denied compensation for his services; but in this state the rule goes farther, and it has been the established law from an early period that where a servant or employee, employed for a definite period, quits or is discharged for any good cause before the expiration of the contract he can not recover for the services performed. (3) The court erred in refusing to tax the costs of the reference and stenographer's fees against the plaintiff or to apportion the costs between the parties. R. S. 1899, sec. 1550; R. S. 1899, secs. 1549, 1559; Turner v. Johnson, 95 Mo. 431.

*William A. Harnsberger, Karnes, New & Krauthoff* for respondent.

(1) "The sufficiency of the evidence being in question, it was the duty of defendant (appellant), under rule 15 of

this court, to have set it out in his abstract *in haec verba.*"
Nichols v. Nichols, 39 Mo. App. 291, 293; Gunby v. Rogers,
42 Mo. App. 465; Irvine v. Karnes, 58 Mo. App. 254, 257.
(2) It is contended by the defendant that, under all the
evidence in the case, the plaintiff is not entitled to recover, and
that in addition thereto the defendant is entitled to a judgment
against the plaintiff. This contention is addressed to an ap-
pellate court. The functions of such a court are limited to a
review of the theory on which the case was presented to the
trial court and to determine whether or not, in view of that
presentation, the action of the trial court was erroneous. Mc-
Clanahan v. West, 100 Mo. 309, 322; Bensieck v. Cook, 110
Mo. 173, 182; Estes v. Shoe Co., 155 Mo. 577, 583. (3)
It is contended by the defendant that all or at least a portion
of the costs of the reference should be taxed against the plain-
tiff. The judgment awarded plaintiff $1,156.63 with interest
"and costs of suit" thus taxing all costs against defendant. No
complaint is made with respect to the awarding of costs in the
motion for new trial. The judgment was rendered April 15,
1899, and the error now assigned was raised by a motion to re-
tax costs filed June 20, 1899. "If the court erred in the award
made respecting the costs, the plaintiff's remedy was by motion
during the term, within four days, for a new trial." Mann v.
Warner, 22 Mo. App. 577, 558; Bosley v. Parle, 35 Mo. App.
232, 236.

BROADDUS, J.—This suit was instituted on the twenty-
ninth day of October, 1896. On the thirteenth day of Feb-
ruary, 1897, it was referred to R. B. Middlebrook, a member of
the Jackson county bar, who on the tenth day of October, 1898,
filed his report, which was confirmed by the court and judgment
rendered in conformity therewith on the fifteenth day of April,
1899. Plaintiff sues for services predicated on the following
written contract:

"Minneapolis, Minn., Oct. 25, 1895.

"The agreement made this twenty-fifth day of October, 1895, between the Minneapolis Threshing Machine Company, party of the first part, and W. L. Paul, party of the second part, is as follows, until the first day of January, 1898:

"Because of the increased cost in living in Kansas City, the Minneapolis Threshing Machine Company will pay him $25 per month extra, from April 1, 1895, to January 1, 1896, a total of nine months, or $225.

"From January 1, 1896, his salary is to be $2,200 per annum for two years. If, at the end of either or both years, his sales shall amount to $100,000 or more per annum, he shall receive an additional amount of $200 per annum. His salary is to be carried on the books at $150 per month, and amounts in excess of this to be paid to him at the close of each year, as above specified.

"In addition to the above the Minneapolis Threshing Machine Company is to pay his necessary travelling expenses while on the road, and he is to make no charge for board while living at home except for meals taken out. The Minneapolis Threshing Machine Company is to pay his board when his family is absent from the city, and his house closed.

"His place of business, unless otherwise agreed, shall be at Kansas City, Missouri.

"The territory assigned to him to work will be all of the State of Kansas, the State of Oklahoma and that part of the Indian Territory lying north of the Canadian river; the western half of the State of Missouri and the southern tiers of counties in the State of Nebraska, excepting Lancaster.

"W. L. Paul agrees to devote his entire time and energies to the interest of the Minneapolis Threshing Machine Company, and to work under its instructions as heretofore."

The first count of the petition is for account stated of the

date of September 1, 1896, for services, money paid out, and expenses, incurred under said contract up to said date in the sum of $1,000. The second count is for salary for the month of September, 1896, and for expenses and money paid out for defendant during said month, aggregating the sum of $724.90. The third count is for excess of salary over $150.00 per month, amounting to the sum of $300.

The answer is a general denial of each count of the petition, and there is one general count of many paragraphs setting up many defenses to plaintiff's right to recover, asking equity and for a referee to be appointed by the court to take an accounting between the parties. The amended answer, under which the defendant went to trial, is very lengthy, but for a proper understanding of the case, as it is mostly to be determined by the pleadings, it becomes necessary that it should be somewhat fully stated.

It is alleged in said answer that the plaintiff did not devote his entire time and energy to the business of the defendant, but that he absented himself from his place of business at times and left the management of defendant's affairs to the common laborers in his employ; that he sent his wife and family away from home on November 13, 1895, and that they remained away until October 1, 1896, during which time he closed his house; and that for said time he fraudulently charged defendant with $282.45 for board and room rent. And it alleges that he sent his family away so that he might devote his entire time and attention to one Mollie B. Sayer, his mistress and concubine; that part of said expenses were for room rent and board of said Nellie, and that all of the same was fraudulent as to this defendant; alleges that he charged defendant with expenses for trips and board while he was at his place of business at Kansas City; that he took said Nellie with him to Omaha, and to St. Joseph and charged her expenses to de-

fendant; that he falsified his account for postage and for street-car fare in Kansas City.   Defendant alleges generally that the "false and fraudulent transactions as hereinbefore set out, were not discovered nor brought to the knowledge of defendant (appellant) until October 1, 1896, and not until after said plaintiff had been credited on his account with all his alleged expenditures on behalf of this defendant; and not until after all payments had been made to said plaintiff by this defendant on such account.

"Defendant further says that it does not believe that it is indebted to the plaintiff in any sum whatever, and that if a true account were taken of all the transactions and dealings between the plaintiff and the defendant from the first day of April, 1895, to the first day of October, 1896, and of the receipts and legitimate expenses of plaintiff, by virtue of his employment aforesaid between said dates, and of the reasonable value, if any, of plaintiff's services under said employment between said dates, that it would be found that plaintiff would be indebted to this defendant.

"Wherefore, defendant prays that an accounting be taken under the directions of this court of all the transactions between the plaintiff and defendant," etc.   The defendant asks that a referee be appointed and closes its prayer for relief as follows: "That said referee be directed in the taking of said account, to make unto the parties all just allowances, and to report to this court what balance shall appear to be due from either party to the other, this defendant being ready and hereby submitting to pay to plaintiff any balance which shall be found due from it to plaintiff on the aforesaid accounting, and defendant further prays for its costs and all other proper relief."

The reply put in issue the new matter in the said answer.

On motion of defendant the court made an order referring the case to R. B. Middlebrook, one of the attorneys of the court.

The order recites that the referee is "to hear and decide all the issues herein, and that said R. B. Middlebrook is directed to proceed with diligence to hear and determine the matters and controversies herein according to law," and to report to the court. The finding of the court sustained the finding of the referee which was for the plaintiff.

The referee upon the first count finds that when the stated account of September 1 was agreed upon, the defendant was not aware of the fact that there were inaccuracies in it, and opened up said account and found of the $1,000 that went to make it up, $558.75 of it should not be allowed and deducted this amount from the amount of the stated account, which left his finding for the plaintiff in the sum of $441.23 on said first count. On the second count of the petition the referee finds for plaintiff in full with the exception of about $42.50. On the third count the referee finds for the defendant, but the plaintiff not having appealed from that finding it will not be noticed further.

The defendant filed its exceptions to the report of the referee—which the court overruled. The defendant in due time filed a motion for new trial, which was also overruled. In this motion there are fifteen grounds for new trial. Those numbered 1, 2, 3, 4, 6, 7, 8, 12, 13 and 15, are but objections, in fact, to the form of the referee's report and therefore need not be noticed, as it is the action of the court in its findings on the report and on the evidence that we must consider. Those numbered 5, 9, 10 and 11 all go to the right of the plaintiff to recover and are founded upon the theory that as the plaintiff was discharged for fraudulent conduct as agent of defendant in falsifying his account rendered, and willful neglect of duty, he ought not to recover in this action. The evidence, so far as incorporated in defendant's abstract, unquestionably shows that the defendant was discharged before the expiration of his time

as provided by the contract in suit, and that his accounts in many respects were erroneous.     It is well-settled law that when a party has willfully failed to perform the terms and conditions of his contract, and is discharged by reason thereof, he is not entitled to recover for his services rendered in an action on such contract.     See Peterson v. Mayer, 46 Minn. 468; Sea v. Carpenter, 16 Ohio 412; Vennum v. Gregory, 21 Iowa 326; Porters v. Silvers, 35 Ind. 295; Libhart v. Wood, 1 Watts & Serg. (Penn.), 265.     In Missouri, the rule is that a party if he sues on his contract must show performance in order to recover; he can not recover in such suit for *quantum meruit.* Eyerman v. Cemetery Ass'n, 61 Mo. 489; Davis v. Brown, 67 Mo. 313; Yeats v. Ballentine, 56 Mo. 530.     The rule in this State is, that when an employee, employed for a definite time, quits or is discharged for good cause before the expiration of the time fixed by the contract, he can not recover for services performed.     See Earp v. Tyler, 73 Mo. 617; Banse v. Tate, 62 Mo. App. 150; Caldwell v. Dickson, 17 Mo. 575; Gruetzner v. Furniture Co., 28 Mo. App. 263.     And there are many authorities to the effect that fraud or misconduct upon the part of the agent forfeits his right to compensation for his services. In fact, none have been called to our attention asserting a contrary doctrine.     See Libhart v. Wood, 1 Watts & Serg. (Pa.) 265; Sea v. Carpenter, 16 Ohio 412; Vennum v. Gregory, 21 Iowa 326; Sumner v. Reicheniche, 9 Kan. 320; Porters v. Silvers, 35 Ind. 295; Fordyce v. Pepper, 16 Fed. Rep. 516; Wadsworth v. Adams, 138 U. S. 380; Shaeffer v. Blair, 149 U. S. 248.

About the first day of September, 1896, as shown by the evidence, the defendant's officers discovered that the plaintiff had falsified his accounts and discharged him.     The report of the referee and the evidence in the case, makes it plain that there entered into the account stated, items to the amount of

$558.75, and in the account for September, 1896, the sum of $42.50. It must be admitted that if the defendant's amended answer and cross-bill alleges such affirmative facts as would entitle it, under the evidence, to have the court enforce the rule laid down herein, that plaintiff is not entitled to recover for the reason of his discharge for cause, then the finding of the circuit court was erroneous. Among other things, the defendant alleges in its answer and cross-bill that plaintiff falsified his accounts for expenses and money paid out during his employment, but nowhere does it plead that by reason of such acts upon his part it is entitled to recover any part of the compensation already paid or to withhold any part thereof not paid. All the statements in defendant's answer appear to have been made for the sole purpose of surcharging plaintiff's accounts under an order of reference. The quotations from said pleading and special prayer for relief, supra, show this beyond controversy. The only defense pleaded, was that a fair accounting would show that defendant was not indebted to the plaintiff, but that on the other hand it would show that plaintiff was indebted to the defendant. All the defendant wanted was to have him charged with what he had received and credited with his "legitimate expenses." Nothing more and nothing less. Parties are bound by their pleadings and courts can not give relief inconsistent with the statement of facts and admissions contained therein. Ramsey v. Henderson, 91 Mo. 560. Defendant further contends that the court erred in finding for the plaintiff when the finding should have been for the defendant. As all the evidence is not before us, only an abstract of it, we are not authorized to say that the finding is not correct. Nichols v. Nichols, 39 Mo. App. 291; Irvine v. Karnes, 58 Mo. App. 254.

The defendant complains of the action of the court in overruling its motion to retax the costs of the case. This motion

was filed on the twentieth of June, 1899; judgment was entered in the case on the fifteenth of April, 1899. Without entering into the merits of the motion it is sufficient to say that it has been held by this court in the case of Mann v. Warner, 22 Mo. App. 577, and by the St. Louis Court of Appeals in Bosley v. Parle, 35 Mo. App. 232, that a motion of this kind must be filed within four days after trial and judgment.

There being no error in the finding and judgment of the court, the cause is affirmed. All concur.

### ON MOTION FOR REHEARING.

BROADDUS, J.—The appellant contends that under the finding of the court the defendant was entitled, under the prayer for general relief, to recover compensation already paid plaintiff, and to withhold that unpaid. That part of the opinion upon which the argument is founded is as follows: "It must be admitted that if defendant's answer and cross-bill allege such affirmative facts as would entitle it under the evidence to have the court enforce the rule laid down herein, that plaintiff is not entitled to recover, for the reason of his discharge for cause, then the finding of the circuit court is erroneous." With the contention of defendant that, "courts of equity will give to the party such relief as the facts alleged and proven entitle under the prayer for general relief, and even when he prays for relief to which he is not entitled," we make no dispute, for the rule is too well settled for controversy. But the difficulty with the defendant's cross-bill is that it does not warrant the relief insisted on, to have plaintiff return to defendant compensation already received and its right to retain that unpaid.

It is insisted that as this is an equity suit (which is not denied), therefore defendant was grievously wronged in the premises. On the contrary, it is most certain that defendant

is not asking equity. In this case the defendant found itself confronted by an account stated, which it desired to open up so that the same might be purged of all errors and false charges, and to accomplish that end, a commendable one, it appealed to the conscience of a court of equity and offered, as it must have done or its petition would not have been granted, to do equity; that is, if the accounting upon the whole case should show that it was indebted to the plaintiff it stood pledged to pay it—whatever was found due. Under its cross-bill the court granted its prayer, went into the accounts of the parties, corrected all errors and false charges and rendered judgment against the defendants for what was shown to be due him. It seems that after having had a court of equity to set aside the account, it is not content, but goes further and asks the unconscionable relief that all the compensation that has heretofore been paid to plaintiff be returned, and all that which remains unpaid withheld. It is a maxim well understood and as old as equity jurisprudence, that he who asks equity must do equity. 1 Story's Equity, section 64; Kline v. Vogel, 90 Mo. 239; Plum v. Kansas City, 101 Mo. 525; Woodard v. Mastin, 106 Mo. 324; Steckman v. Harber, 55 Mo. App. 71; Henwick v. Supply Co., 61 Mo. App. 454. The appellant obtained all the relief it was entitled to in a court of equity and is not in a condition to complain. Appellant further contends that the court overlooked the facts pertaining to its motion to retax costs. The record shows that the judgment was rendered on the sixth day of the April term, 1899, which contained a judgment also for costs in favor of the plaintiff. It also appears that the order taxing the fees of the referee and stenographer was made on the twenty-second day of April, 1899, from which order the defendant appealed. But in defendant's motion for a new trial no exceptions were made to the judgment of the court awarding costs in favor of the

plaintiff, and as a matter of course this court can not inquire into the correctness of the action of the court below in that respect. The defendant contends, however, as the order taxing the referee's and stenographer's fees was not made until after it filed its motion for new trial, it was an impossibility to have included in its motion the error of the court in taxing said costs against defendant. But the order taxing these fees was not a judgment for costs; it was merely the act of the court determining what costs should be allowed and when allowed became and was a part of the original judgment for costs.

If, however, these fees were illegal and not a part of the costs in the case, defendant could be heard; but that question is not raised. The question raised here is that the judgment for costs should have been for defendant, and that we believe to be true; but the attention of the trial court was not called to the error in the defendant's motion for new trial, and, therefore, can not be questioned on appeal.

The cases cited by appellant have no application here, for they apply merely to errors and omissions in the taxation of costs and not to judgment for costs in the first instance.

The motion for rehearing is overruled. All concur.