C. C. OWEN, Respondent, v. C. E. MATTHEWS et al., Appellants.

Kansas City Court of Appeals, February 4, 1907.

1. **PRINCIPAL AND AGENT: Dual Agency: Knowledge: Compensation: Public Policy.** One person cannot act in the dual capacity of agent for both parties to a contract without both parties are aware of his dual relations; and in case he so acts he cannot recover compensation, since such action is against public policy.

2. ——: ——: ——: ——: ——. O was in the service of T as ground boss of his mine. He called the attention of N, T's superintendent, to the mining property of M. as he had agreed with M to do on the promise that in the event of a sale to T, he should receive certain compensation. *Held*, while O was the employee of T in operating his mine he was not T's agent in bringing about the sale, and there was no such double agency as would defeat his recovery of his compensation.

3. ——: ——: ——: ——: **Fraud.** *Held*, moreover, since there is no allegation or proof of fraud of O toward M that O's fraud, if any, toward T cannot avail M as a defense against O's action for his compensation.

4. ——: ——: ——: ——. Where the dual agency is known to both parties compensation may be recovered; and notice to the agent in this regard is notice to his principal.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*Frank L. Forlow* and *H. W. Currey* for appellant. .

(1) Defendants did not know that plaintiff was placing them in the hands of the special confidant of Nicholson, or that plaintiff and his friend were acting in a dual capacity. Therefore, the contract of plaintiff to receive compensation for a sale to Nicholson, is contrary to public policy, and void. Lum v. McEwen, 56 Minn. 278; Atlee v. Frank, 75 Mo. 100; Summers v.

Carey, 74 N. Y. Supp. 980, 69 App. Div. 428; Norman v. Roseman, 59 Mo. App. 682; Reese v. Garth, 36 Mo. App. 645; Drake v. Laner, 93 App. Div. 86, 86 N. Y. Supp. 986.    (2)    The issue of acquiescence on the part of Nicholson and knowledge and acquiescence on the part of the defendants was, though sharply made by the evidence, ignored in the instructions. This was error.    DeSteiger v. Hollington, 17 Mo. App. 382; Chapman v. Currie, 51 Mo. App. 40; Robinson v. Jarvie, 25 Mo. App. 421.    (3)    It is a well-established rule that fraud or misconduct on the part of the agent forfeits his right to compensation for services.    Wadsworth v. Adams, 138 U. S. 380, 388; followed in Paul v. Machine Co., 87 Mo. App. 647, 654; and the plaintiff was guilty of such misconduct in employing the agent, employee and special confidant of Nicholson to bring to the attention of Nicholson the defendant's mining property, without permitting the defendants to know that he was bringing the property to the attention of Nicholson through Nicholson's special agent and confidant.    Mechem on Agency, sec. 1027; Dennison & Co. v. Alrich, 114 Mo. App. 710.    (4)    Plaintiff's given instructions are based on the assumption of law that notice to Nicholson that Lennon was to receive a commission from defendants was notice of such fact to Thayer & Wilkins—Nicholson's principals.    The legal effect of Nicholson's failure to notify Thayer & Wilkins that their agent and employee was getting a commission on the sale of the property to them was a fraud on Thayer & Wilkins, and in such case, notice to him was not notice to Thayer & Wilkins. Thomson, etc., Co. v. Electric Co., 65 Fed. 343, 344, and cases there cited; Allen v. Railway, 150 Mass. 206; Ray v. Water Co., 38 N. J. Eq. 158.    (5)    The cases are nearly, if not quite, uniform that where the double employment exists and is not known, no recovery can be had against the party kept in ignorance, and the result is not made to turn upon the presence or absence of de-

signed duplicity and fraud, but is a consequence of established policy. Scribner v. Collar, 40 Mich. 378; Thomas v. Caulkett, 57 Mich. 392; Norman v. Roseman, 59 Mo. App. 682.

·   *W. J. Owen* for respondent.

(1) The evidence in this case shows that defendant Wampler, acting for himself and codefendants made the contract sued on with the plaintiff and without knowledge of whom he desired to connect with him, and the contract being thus made, the plaintiff unquestionably had the authority to institute and prosecute the suit in his own name. Sawyer v. Railroad, 156 Mo. 468; Ellis v. Harrison, 104 Mo. 277; Taylor v. Steamboat, 20 Mo. 254; Wolfe v. Railroad, 97 Mo. 473. (2) This contract was made and entered into prior to the organization and incorporation as shown by the cross-examination of defendant Wampler, and where the contract was thus made the parties became liable as partners. Furniture Co. v. Carpet Co., 127 Mo. 356. The relation that Nicholson bears to this transaction and to the firm of Thayer & Wilkins, is well shown by the evidence of Wilkins, of the firm of Thayer & Wilkins, and when witness Lennon, told Nicholson what plaintiff was getting, it was notice to Thayer & Wilkins, the associates of Nicholson, in acquiring and handling of this property, as each was the agent of the other in the transaction of this business and especially is this true where the one doing the dealing is the one who received the notice. Lebanon Bank v. Hallenbeck, 29 Minn. 322; Newall v. Bartlett, 114 N. Y. 399; Hall v. Goodnight, 138 Mo. 576; Chauteau v. Goddin, 39 Mo. 251; Smith v. Farrell, 66 Mo. App. 13.

BROADDUS, P. J.—The plaintiff's suit is upon a contract with defendants whereby they agreed through defendant, W. W. Wampler, that if plaintiff would di-

rectly or indirectly bring to the attention of an antici-
pated purchaser defendants' property known as the
Little English Mine near Webb City, and said defend-
ants should ultimately sell the same to said anticipated
purchaser and the same be paid for, the defendants would
immediately thereafter pay plaintiff the sum of $1,000;
that plaintiff fully and fairly complied with the terms
of their said contract, and although defendants sold
said property to said anticipated purchaser for $45,000,
which was paid in full, the defendants have failed and
refused to carry out their said agreement with plaintiff
to pay him said sum of $1,000.

The answer of defendants was a general denial with
the following special defensive allegations, viz.: that
they did not enter into the contract with plaintiff as
stated by him; that the property sold was the property
of the Majestic Mining Company in which defendants
were stockholders; that plaintiff was the ground-boss
and foreman of a mine known as the Alexander Mine
owned by a firm by the name of Thayer & Wilkins; that
one, Nicholson, was the agent and general superintend-
ent of said mine of Thayer & Wilkins and that plaintiff
was under his direction, and that it was the duty of
plaintiff to state his knowledge of mines about to be
purchased to said firm or their agent, Nicholson, with-
out fee or reward; that said Nicholson had in his employ
one, Frank Lennan, whom plaintiff employed to assist
him in carrying out his contract; that plaintiff repre-
sented to defendant Wampler that he had a friend and
partner who would cause said Nicholson to purchase
defendants' property, but that his name could not be
and would not be disclosed; and that for the sum of
$500 to be paid himself and $500 to be paid said friend
he would sell the mine. The answer further charged
that defendants had been notified by the said Nicholson
that if defendants entered into any agreement to pay
any of his employees for the sale of the mine, he would

not purchase it, and before the sale was consummated the said Nicholson requested defendants to furnish him their affidavits denying that they had made any agreement to pay any commission to any of his employees.

The evidence showed, that the defendants and one, Loomis, who was dismissed from the case because he was not served with summons, were the owners of the mine in question at the time the contract in suit was entered into, but that shortly thereafter they were incorporated as the Majestic Mining Company; that the defendants sold the property to Thayer & Wilkins for the sum of $45,000, which was fully paid. It was also shown that plaintiff was ground-boss for Thayer & Wilkins; that Lennan was also an employee of said firm as superintendent in the operation of the mine, and that Nicholson was their agent and general superintendent of mines and authorized to purchase mines.

The plaintiff's evidence tended to show that his contract was as stated by him in his petition, that if he would either directly or indirectly bring the property in question to the attention of an anticipated purchaser and defendants should ultimately sell it to such purchaser and receive the pay for it, he was to receive the sum of $1,000; and that the said Lennan called Nicholson's attention to the property and introduced him to the said Loomis; that Lennan told Nicholson that if the mine suited him and he took it, there would be a piece of money in it for plaintiff and himself; that Nicholson was also a partner and interested in the said firm of Thayer & Wilkins; and that neither plaintiff nor Lennan had anything to do in making the sale or bringing it about except to call Nicholson's attention to it and to introduce him to one of the defendants. It appeared from the evidence that defendant Wampler knew that plaintiff was in the employ of Nicholson, and that he was informed by plaintiff that he would get a friend of his to call Nicholson's attention to the mine, but did

not tell him the name of the friend. It does not appear that plaintiff or Lennan made any representations to Nicholson as to the character of the property, or its value, or that either of them had anything to do with the fixing of its price, terms of payment, or performed other acts in the consummation of the sale, except as stated.

The finding and judgment was for the plaintiff and defendant appealed.

It is first contended by defendants that plaintiff's contract was void because it was contrary to public policy as the plaintiff and said Lennan were in the employ of the purchasers of the property which was unknown to them at the time they made the purchase. It is well settled in this State that one person cannot act in the dual capacity as agent for both parties to a contract, without both are aware of his dual relations, and recover compensation for his services. Such acts are against public policy and void. [Atlee v. Fink, 75 Mo. 100; Norman v. Roseman, 59 Mo. App. 682; Reese v. Garth, 36 Mo. App. 641.] In this case, however, neither the plaintiff nor Lennan was the agent of Thayer & Wilkins in the purchase of the defendants' property. It is true that they were agents and employees of that firm in the operation of its mine, but they had no authority to make the purchase in question. The relation of principal and agent in the transaction itself did not exist; consequently, the rule applicable to double agency does not apply.

But defendants insist that the case comes within the rule that fraud or misconduct on the part of the agent forfeits his right to commission. In Paul v. Threshing Co., 87 Mo. App. 647, it was held that a party suing on his contract of employment who is discharged for good cause, or is guilty of fraud, cannot recover his salary. But there was no fraud or misconduct upon plaintiff's part in his employment as defendants' agent.

Theré is no complaint by the latter so far as they were concerned, that plaintiff was guilty of misconduct or fraud, but their charge is that he committed a fraud upon Thayer & Wilkins. Even if this was true, it would not avail defendant because they were not defrauded. So far as the record shows, neither party to the transaction makes the claim that they were defrauded by any act of plaintiff, and as the agency was not dual the contract was not void as being against public policy. As defendants' contentions, although presented in several different points of view, are all founded upon the false assumption that plaintiff was the agent of both the contracting parties to the contract, it is not necessary to comment further on the matter.

We attach no importance whatever to the fact that Nicholson, the agent of Thayer & Wilkins, was unwilling to deal in behalf of his principal in mines in instances where any of the employees were engaged in bringing about sales for a commission. It was no doubt good policy on his part for it would tend to protect his firm from the intermeddling of those who might be more or less familiar with his business methods in such dealings. But his rule of conduct in that respect could not affect the rights of his employees, unless they were forbidden to so intermeddle. But we do not want to be understood as saying that even had he forbidden his employees to participate in such transaction, they would have been bound thereby. It might be a good cause for their dismissal from the service. But Nicholson knew that plaintiff was interested in making the sale; that fact is admitted. Such being the case, if he was acting as agent for both parties, he could recover his commission upon the theory that his double agency was known to both. [Smith v. Farrell, 66 Mo. App. 8; DeSteiger v. Hollington, 17 Mo. App. 382.]

But defendants say that notice to Nicholson was not notice to his principal and cites in support of their con-

tention, Thomason-Houston Co. v. Electric Co., 65 Fed. 341. But that case has no application. Nicholson was the agent of Thayer & Wilkins in the transaction and, as a matter of course, he stood in the shoes of his principal and, under all the rules governing principal and agent, his knowledge obtained in the transaction was notice to Thayer & Wilkins.

Plaintiff's instructions were proper. Affirmed. All concur.