## HICOX, ADMINISTRATOR, v. GRAHAM.

Executors and administrators are individually responsible for costs recovered against them in every case; but they shall be allowed them in their administration accounts, exeept when it appears that the action has been prosecuted or resisted without just cause.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

There is but one point in the case, which is fully stated in the opinion of the Court.

*Edward Stanly* for Appellant.

The judgment in this case was ordered to be entered against the estate of the deceased person. The law authorizes no such judgment. Section 494 of the Practice Act, provides that costs shall be allowed to the "prevailing party." There is no exception made.

The act to regulate the settlement of the estates of deceased persons. Sec. 144, Comp. Laws, page 397, provides that judgments may be recovered, with costs, against *any* executor or administrator, and that he shall be individually liable for costs, which shall be allowed him in his administration accounts, unless it shall appear that the suit was prosecuted or resisted without just cause. The act contemplates his liability for costs, as of course : this relates to public administrators, for part of the same act refers to public administrators. Comp. Laws, 422.

This is manifestly just, as otherwise an administrator might wantonly sue, or defend "without just cause" in a case where there was no defence.

If he had wasted the estate, the judgment would be good for nothing, while he might be rich.

A judgment against the estate could not be enforced, and it is doubted whether such a judgment was ever before rendered.

The general rule is, that executors and administrators, like other trustees fairly conducting themselves, are entitled to their costs. Williams on Ex., 1460.

It is a settled rule, that the executors of an insolvent shall not have costs; to allow them would be productive of the worst effects; they need not have administered. 2 Williams on Executors, 1461; cites Adair v. Shaw, 1 Scho. & Lef., 280. Uredale v. Uredale, 3 Atk., 119.

As to proper manner of entering judgment, 1 Saund., 335, note (10) to Handcock v. Prowd., and Short v. Coffin, 5 Bun., 2730 ; Ward v. Thomas, 1 Crompt. & M., 532; S. C., 2 Dowl., 87. In King v. Howard, 4 Dev. Rep., 583, Ruffin, Ch. Justice (referring to 1 Saund., 336, note 10, above quoted,) says : "Every judgment on a verdict on issues, must be for costs against one of the parties, etc., etc." Brown, executor of Lambert, against Lambert, 16 Johnson's Rep., 148 : "Executors and administrators, plaintiffs, on a judgment, as in case of non-suit for not proceeding to trial, must pay costs;" and Salisbury's Executors v. Heirs of Phillips, 12 Johns. Rep., 289. Executors and administrators must pay costs on a judgment of *non pros.* Rudd & Everett, Executors of Cable v. Long, 4 Johns. Rep., 190.

*William T. Wallace* for Respondent.

The recovery of costs is regulated by statute entirely. No costs are recoverable at common law. State v. Abrams, 4 Blk'd, 441.

There is no statute in the State authorizing a judgment *de bonis propriis*, against an administrator. The appellant, in his brief, relies

upon the 494th section of the Practice Act, but if that section amounts to anything, it only provides that the prevailing party shall recover costs; that is admitted to be the law by the respondent, but the question in this case is, *against whom* shall the prevailing party recover—against the executor or administrator, to be levied *de bonis propriis*, or *de bonis testatoris*.

Nor does section 144 (page 397, Compiled Laws,) throw any light upon the question. That is a statute which provides for the "settlement of the estates of deceased persons in the Probate Court," and provides in effect that in settlements in that Court, the administrator shall be chargable with such costs, unless it appears that the suit or defence was reasonable.

Before a Court, in which a party is litigating in a representative capacity, will render judgment *de bonis propriis* against such party, it should appear that such party has knowingly pleaded a false plea, or misconducted himself in the suit. Weathers *v.* Newman (note), 1 Blackford, 233; Evans *v.* Adams, 4 Blackford, 54; King *v.* Anthony, 2 Blackford, 132.

If this suit was brought by the respondent concerning transactions which happened in the lifetime of his intestate, and the administrator fail in the suit, he is not personally liable for costs. Ketchum *v.* Ketchum, 4 Cowen Reports, page 89, and cases there cited.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

Respondent, as administrator of Henry Nail, instituted an action against appellant, in the District Court for Santa Clara County. On motion of plaintiff a non-suit was entered, and judgment rendered in favor of defendant for costs. Afterwards, on motion of plaintiff, said judgment was amended by adding, that the judgment should be made out of the estate of the said Henry Nail, in the hands of said administrator, From this order defendant appeals.

The 144th section of the Act to regulate settlement of estates provides, that "when a judgment is given against an executor or administrator, the executor or administrator shall be individually liable for the costs; but they shall be allowed him in his administration accounts, unless it shall appear that the suit or proceeding in which the costs were taxed, shall have been prosecuted or resisted without just cause."

This provision was, we think, wisely adopted by the Legislature, for the purpose of preventing executors or administrators from wasting the property of estates in speculative or unnecessary litigation, by making them, in every case, individually responsible for the costs recovered against them, and permitting them to recover from the estate only such costs as shall appear to have been incurred in the *bona fide* discharge of their trust.

The order amending the judgment is reversed with costs.