## A. SUMNER v. W. C. REICHENIKER, *et al.*

1. AGENT; *Right to Commissions.* An agent may, by improperly retaining the funds of his principal, or other unfaithfulness to his trust, forfeit all right to commissions.

2. EVIDENCE; PRACTICE; *Rebutting Testimony.* If an agent, when sued for alleged balances, seeks to reduce such balances by commissions, the principal may in rebuttal prove that he has by his unfaithfulness forfeited his right to such commissions.

*Error from Atchison District Court.*

REICHENIKER was appointed by *Sumner* as his agent to sell sewing machines and musical instruments. He gave a bond, with *E. S. Wills* and *J. S. Pierce* as his sureties, for the faithful discharge of his duties as such agent, and that he would account for and pay over all moneys, etc. The action below was commenced by *Sumner* on said bond. The alleged error was in rejecting certain testimony, concerning which the

facts are given in the opinion. The case was tried at the June Term 1871. Verdict and judgment for defendants, and *Sumner* brings the case here by petition in error.

*A. H. Horton,* and *B. P. Waggener,* for plaintiff in error:

1. The plaintiff should have been apprised in the answer of defendant Reicheniker of what sums of money he claimed due him, as well as the items for the same; and without such a statement Reicheniker could not charge Sumner with moneys paid out for rents, freights and other purposes, of which the plaintiff had no knowledge. And in any event, if the court did not err in permitting said evidence under defendant's answer, the reply of plaintiff was sufficient to authorize the introduction of evidence that by the acts and misconduct of Reicheniker no commissions or compensation was due him.

2. The court erred in refusing to permit plaintiff in error, on the trial, to show that defendant Reicheniker had been guilty of misconduct, negligence, and fraud while acting as Sumner's agent. A factor or agent, who misconducts himself in the business of his agency, forfeits his right to compensation. 21 Iowa Rep., 326–329; Story on Agency, §§ 331, 334; 1 Wait's Dig., 755, § 12.

3. The bill of exceptions shows that defendants offered evidence that Reicheniker was a good and faithful agent, and then presented evidence that he was entitled to large sums of money from plaintiff as compensation for his services; and as the facts constituting Reicheniker's claim to commissions and services were not fully stated in the answer, it was proper for the plaintiff in error to show that Reicheniker by his acts and misconduct had forfeited all commissions and compensations. *Marley v. Smith,* 4 Kas., 183; 5 Kas., 311; *Haas v. Fenlon,* 8 Kas., 601.

*C. G. Foster,* and *J. J. Ingalls,* for defendants in error:

1. The plaintiff alleges error because he was not permitted on rebuttal to show that Reicheniker had not acted as a faith-

ful and energetic agent. Supposing such was the case, he did not owe the plaintiff any the more money on that account, and it was merely a question of accounts between the parties.

The plaintiff objected to Reicheniker's showing that there was due him on settlement money for commissions, and for rents and freights paid for plaintiff, money paid out for repairing the plaintiff's wagon and harness, etc., because such items were not specifically set forth in his answer. In his petition plaintiff claimed that there was *due* him from Reicheniker the sum of $2,905 for moneys collected as agent of plaintiff. There was a general denial, and the answer also alleged that plaintiff was indebted to Reicheniker in the sum of $563. Under the general denial, any evidence which tended to show that there was *not* due plaintiff the amounts he claimed, or that the defendant does *not* refuse to account, or that the defendant is *not* indebted, bears directly on the issue between the parties: Civil code, §§ 94, 95; Seney's Ohio Code, 131, note *d* to § 92. Such evidence was proper under the general denial, and also under the counter-claim: 3 Kas., 372, 389; 4 Kas., 186; 2 Kas., 330; 14 Ohio St., 33; 7 How. Pr., 123; 16 Barb., 633; 18 id., 29; 8 Kas., 601.

2. If Sumner desired to contest the agent's claim for commissions, etc., on the ground of fraud, or want of good faith, he should have pleaded such defense. Failing in this, it was no error to refuse to permit him to introduce testimony to prove such fact.

The opinion of the court was delivered by

. BREWER, J.: The defendant Reicheniker was the agent of plaintiff for the sale of sewing machines, etc. The agency was terminated, and the agent sued for alleged balances due, and property withheld. Upon the trial, defendant offered testimony tending to show that he was entitled to commissions on the sales made by him, and that he had been a good, faithful and energetic agent. In rebuttal plaintiff offered testimony to prove that said agent improperly retained the

moneys of plaintiff in his possession, and also that he had not acted as a faithful and energetic agent, which testimony was rejected on the objection of defendants. In this was error. An agent's right to commissions is not absolute. It depends on the manner of performing his duties. It probably would not be forfeited by a simple lack of energy. But it might be by an improper retention of his principal's funds, or by acts of unfaithfulness to his trust. True, not every slight omission of duty will work a forfeiture; nor are we able to indicate beforehand, in this case, how grievous must have been the omission to deprive the agent of compensation. We cannot even conjecture whether any dereliction of duty can be shown. It is enough to say that the plaintiff had a right to show it if he could, and that he sought to do so and was refused. The rule in reference to agents is well laid down in Story's Agency, § 331: "In the next place the agent is entitled to his commissions only upon a due and faithful performance of all the duties of his agency in regard to his principal. * * * If, therefore, the agent does not perform his appropriate duties, or if he is guilty of gross negligence, or gross misconduct, or gross unskillfulness in the business of his agency, he will not only become liable to his principal for any damages which he may sustain thereby, but he will also forfeit all his commissions. Slight negligence or slight omissions of duty will not indeed ordinarily be visited with such serious consequences, although if any loss has occurred thereby to the principal it will be followed by a proportionate diminution of the commissions." *Varnum v. Gregory*, 21 Iowa, 326; *Sea v. Carpenter*, 16 Ohio, 412. For this error the judgment of the district court must be reversed, and the case remanded for another trial.

All the Justices concurring.