### ESTATE OF WILLIAM LUND, DECEASED.
[No. 351; decided October 20, 1884.]

**Attorney.**—An Administratrix has Power to Employ an Attorney to institute proceedings to recover damages for the death of her intestate.

**Attorney—Compensation.**—An Attorney Who Renders Services for the Benefit of an estate, at the request of the administratrix thereof is entitled to reasonable compensation therefor. The probate department is the proper forum in which to present his claim for such services; they are "expenses of administration," and the probate department has exclusive jurisdiction to adjust and enforce such demands.

**Attorney—Contingent Fee.**—An Administratrix has no Power to Make a Contract with an Attorney for the payment of a contingent fee to him out of the assets of the estate. But the employment of an attorney to perform services, and a promise to pay him a contingent fee for such services, are separable. The retainer of the attorney, and rendering of services by him in pursuance of such retainer, may be considered by the court apart from the promise to pay a contingent fee, and the compensation will be adjudged according to the proof of the reasonable value of the services. An attorney accepting employment and rendering services, under such circumstances, must rely upon the subsequent action of the court in adjudging proper compensation, and consents to perform his duty without other compensation than may so be allowed.

William Lund died intestate in San Francisco, a resident thereof, and leaving estate therein, on the sixth day of April, 1880.

He left a surviving wife, Catherine Lund, who, upon petition filed on June 16, 1880, was appointed administratrix

of his estate on June 28, 1880, and letters of administration were issued to her on July 6, 1880.

The petition for probate stated that the estate of the decedent consisted of certain personal property, and a claim for damages against the Spring Valley Water Works, arising by reason of negligence of that corporation, which caused the death of Mr. Lund.

On July 21, 1884, P. B. Nagle filed a petition in the matter of the estate, in which he alleged that the administratrix, as such, employed him to institute and prosecute an action against the Spring Valley Water Works, on the above-mentioned claim; that the administratrix agreed to pay all the costs and expenses of the action, and to pay the petitioner one-half of all that was recovered therein, as compensation for his services.

That accordingly petitioner commenced said action on her behalf, on the twenty-eighth day of February, 1881, and that he diligently prosecuted the same; that the action was tried before a jury, but that the jury failed to agree; that thereafter petitioner was ready and willing to enter upon a second trial of said action, provided the administratrix paid the costs and expenses of such trial, but that she refused to do so, and on July 13, 1882, discharged the petitioner as her attorney in said action, and employed P. F. Dunne in his place and stead, who was regularly substituted therein; that on February 15, 1883, the administratrix recovered judgment against the Spring Valley Water Works in said action for the sum of $4,000 and costs, which judgment was paid in March, 1884; that the reasonable value of the services of petitioner in said action up to the time of his discharge was $500, and that the administratrix refused to pay the same, hence he asked that said sum be allowed him, and that the administratrix be ordered to pay it.

To this petition the administratrix filed a demurrer on July 28, 1884, specifying as grounds therefor that it appeared from the petition that P. F. Dunne, and not the petitioner, performed the services which resulted in the recovery of the judgment, and that under petitioner's contract, as alleged by him, his compensation was dependent upon a

recovery by him, and, further, that it appeared that the contract was illegal and void.

James L. Nagle, for petitioner.

R. H. Taylor, for administratrix.

COFFEY, J.   This department is the proper forum in which to present the claim of petitioner: Gurnee v. Maloney, 38 Cal. 87, 99 Am. Dec. 352.

Services rendered at the request of an administratrix, for the benefit of an estate, are "expenses of administration," and the probate department has exclusive original jurisdiction to adjust and enforce such demands: Ibid.

If it shall appear that the petitioner performed any service for the advantage of the estate at the instance and request of the administratrix, the court will award such compensation as, in its opinion, such service may be reasonably worth.

The administratrix had the power to employ counsel for the purpose indicated in the petition, although not to make a contract for the payment of a contingent fee out of the assets of the estate.   These two things are to be separately considered; they are separable.   The retainer of an attorney, and the rendering of service by him in pursuance of such retainer, is what the court may consider; and, according to the proof, his compensation will be adjudged by the court: Estate of Page, 57 Cal. 238.

An attorney accepting employment and rendering services under such circumstances, must rely upon the subsequent action of the court in ascertaining and adjudging proper compensation.   In accepting the employment he consented to perform his duty without other compensation than such as might be allowed by the court: Cole v. Superior Court, 10 Pac. C. L. J. 732 (S. C., 63 Cal. 86, 49 Am. Rep. 78).

I understand the claim of petitioner to be on the score of services rendered for the benefit of the estate, and at the request of administratrix; and he should be allowed to prove whether he rendered any such services at any such request, and their value.

Demurrer overruled; fifteen days to answer.

An Executor or Administrator is Entitled to an Allowance for Legal Services rendered him both in conducting the ordinary probate proceedings and in conducting necessary litigation. In fact, he is entitled to reasonable attorney fees in any matter, arising in the administration of the estate, which calls for legal advice or counsel: Elizadale v. Murphy, 4 Cal. App. 114, 87 Pac. 245; Estate of Miner, 46 Cal. 564; Estate of Simmons, 43 Cal. 543; Hicox v. Graham, 6 Cal. 167; Steel v. Holladay, 20 Or. 462, 26 Pac. 562; Nash v. Wakefield, 30 Wash. 556, 71 Pac. 35; Estate of Davis, 33 Mont. 539, 88 Pac. 957.