[No. 15468.     Department Two.—June 26, 1894.]

CATHERINE STEVENS, ADMINISTRATRIX, ETC., RE-SPONDENT, *v.* SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY, APPELLANT.

ACTION BY ADMINISTRATRIX—RECOVERY OF COSTS—EXECUTION—CONSTRUC-TION OF CODE.—Sections 1031 and 1509 of the Code of Civil Procedure are not in necessary conflict, and where a judgment is rendered against the plaintiff as administratrix for costs, but such costs are not by the judgment made chargeable only upon the estate, as they might have been under section 1031, the plaintiff, under section 1509, is individu-ally liable for the costs, and the defendant is entitled to an execution against the plaintiff personally.

APPEAL from an order denying a motion for execution.

The facts are stated in the opinion of the court.

*Charles F. Hanlon*, for Appellant.

*Henry E. Highton*, for Respondent.

The COURT.—By the final judgment entered in this case it was " ordered, adjudged, and decreed that Catherine Stevens, administratrix of the estate of Joseph Stevens, deceased, plaintiff, do take nothing by this her said action against the San Francisco and North Pacific Railroad Company, a corporation, defendant, but that judgment be, and same is, hereby entered herein in favor of said defendant for its costs and disbursements incurred herein," taxed at six hundred and forty dollars and seventy-five cents. Subsequently, the defendant demanded of the clerk of the court that he issue an execution on the judgment against the plaintiff personally. The clerk refused to comply with this demand upon the ground that he had no power or authority to do so. Thereupon the defendant applied to the court for an order directing the clerk to issue such an execution. The court denied the motion, and the defendant appeals from the order.

The Code of Civil Procedure contains the following provisions:

"SEC. 1031. In an action prosecuted or defended by an executor, administrator, trustee of express trust, or a person expressly authorized by statute, costs may be recovered as in an action by and against a person prosecuting or defending in his own right; but such costs, must, by the judgment, be chargeable only upon the estate, fund, or party represented, unless the court directs the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in the action or defense."

"SEC. 1509. When a judgment is recovered, with costs, against any executor or administrator, he shall

be individually liable for such costs, but they must be allowed him in his administration accounts, unless it appears that the suit or proceeding in which the costs were taxed were prosecuted or defended without just cause."

Here the judgment was against the plaintiff as administratrix for costs, but such costs were not by the judgment made chargeable only upon the estate, as they might have been under the section of the code first-above quoted. If they had been made so chargeable the judgment would have contained the following, or equivalent, words: "And it is further ordered that said costs be, and the same are, hereby made payable out of the estate of said Joseph Stevens, deceased."

This being so, the plaintiff, under the section of the code last-above quoted, was individually liable for the costs, and the defendant was entitled to the execution asked for.

We see no necessary conflict in the two sections referred to. When properly construed each may have full force and effect.

The case of *Hicox* v. *Graham*, 6 Cal. 169, is in point, and there is nothing in *Reay* v. *Butler*, 99 Cal. 477, in conflict with what has been said.

The order appealed from must be reversed, and it is so ordered.

Hearing in Bank denied.