## C. H. Titus v. Albert Mitchell.
### No. 130.

NEW TRIAL, *Properly Denied.* It is not error for the court to deny an application for a new trial on the ground of newly-discovered evidence, when such evidence is not of a material and decisive character, or when it is desired only for the purpose of impeachment.

MEMORANDUM.—Error from Morris district court; JAMES HUMPHREY, judge. Action upon a contract for sale of personal property by C. H. Titus against Albert Mitchell. Judgment for defendant. Plaintiff

brings the case to this court.  Affirmed.  The opinion herein, filed June 5, 1896, states the material facts.

*John T. Bradley*, and *J. K. Owens*, for plaintiff in error.

*John Maloy*, for defendant in error.

The opinion of the court was delivered by

CLARK, J. :  C. H. Titus commenced this action before a justice of the peace to recover from one Albert Mitchell a balance claimed to be due him upon a contract for the delivery of wheat.  What the result of the trial in the justice's court was the record does not disclose.  The case was taken upon appeal to the district court of Morris county and there tried on March 28, 1891, resulting in a verdict and judgment in favor of the defendant.  A motion for a new trial was duly filed and overruled, and the plaintiff was given 60 days in which to make and serve a case for the supreme court.  No further steps were taken to secure a reversal of the judgment so rendered until the following December, when a petition for a new trial was filed in the district court, under section 310 of the code, in which it was alleged that the verdict was obtained by fraud of the prevailing party, and that the plaintiff was in possession of newly-discovered evidence material to the issue joined, which he could not by the exercise of reasonable diligence have procured for use upon the trial of the case.  A demurrer to this petition was sustained on March 25, 1892, and on the same day, by leave of court, an amended petition was filed containing similar allegations of fraud, and of newly-discovered evidence, to those set up in the original petition.  A demurrer to this amended petition was also sustained, and the

plaintiff has brought the case to this court alleging error in such ruling.

The amended petition recites the prior proceedings in the district court before mentioned, and purports to set out the substance of the evidence introduced at the trial,.from which it appears that a contract was entered into between the plaintiff and the defendant, whereby the former agreed to deliver 500 bushels of wheat at defendant's mill, to be ground into flour, bran, shorts, and screenings, at a stipulated price per bushel.    There was a dispute between the parties as to the amount of wheat delivered by the plaintiff under this contract, the price to be paid for grinding it, and the quantity and quality of the product of the wheat returned to the plaintiff; but, as stated by counsel for plaintiff in error in their brief, the principal controversy was over one load claimed by the plaintiff to have been delivered under the contract, on June 6, 1890, containing 37 bushels and 59 pounds of wheat, but which delivery the defendant denied; and he also contended that he had delivered to the plaintiff more flour, bran, shorts, and screenings, and which was of better quality, than the defendant was entitled to receive under the contract.    The record does not show that any evidence was offered of any demand made by the plaintiff for the balance of the product of the wheat claimed to be due him, nor as to its value. The trial proceeded upon the theory that a recovery was sought for its conversion.    The amended petition contains an allegation that two persons, who were not produced as witnesses at the trial, would testify that they saw the plaintiff with a load of wheat, on or about June 6, 1890, which he was taking in the direction of Parkerville, where the defendant's mill is located.    If this evidence could be said to be material,

it is cumulative, as one witness testified that, on the day named, he rode to the village of Parkerville with the plaintiff on a wagon load of wheat, and that he saw the plaintiff driving in the direction of the defendant's mill, and the plaintiff also testified that he delivered that particular load of wheat to the defendant on that day. The court certainly would not have been warranted in granting a new trial because of this newly-discovered evidence. (*City of Olathe v. Horner*, 36 Kan. 312; *The State v. McCool*, 34 id. 613; *The State v. Rohrer*, 34 id. 427.)

The plaintiff also alleges in his petition that one George Mitchell, a son of and a witness for the defendant, made statements at the trial in the justice's court which were contradictory to the testimony offered by him at the trial in the district court, and that he could establish the fact by the testimony of the justice of the peace before whom the case was originally tried. But there is nothing in the record to indicate that the plaintiff, who was also a witness in both courts, had no personal knowledge of the facts which he proposed to establish by the testimony of the justice of the peace. If the plaintiff was possessed of such information, he would have been a competent witness to establish the facts alleged. The sole object of this testimony would be to discredit the witness Mitchell. A new trial ought not to be awarded on such grounds. (*Clark v. Norman*, 24 Kan. 515.)

The plaintiff also alleged that the reputation of the defendant and several of his witnesses for truth and veracity, in the neighborhood in which they resided, was bad at the time they testified in the case; that after the trial the defendant stated that he and his boys "had been studying all winter before the trial of said action in this court to fix up some way and

scheme to beat C. H. Titus, the plaintiff, on said trial." He also alleges that he used due care and diligence to obtain this newly-discovered evidence "by continually and carefully inquiring of people whom plaintiff believed were acquainted with defendant, and of people whom plaintiff thought might know of the facts of the case, but that he did not obtain any of the evidence of knowledge of the facts he expects to prove, as hereinbefore stated, until long after the trial," and that he is not a resident in the neighborhood in which the defendant resided, but lived some eight miles distant therefrom. These are all the facts alleged upon which he bases his application for a new trial, and, had the court sustained his application, the fact that the inquiries which were "continually and carefully" made by the plaintiff of people whom he believed were acquainted with the defendant did not elicit any information which would excite a suspicion in his mind that the defendant would seek to defeat his claim through the introduction of the testimony of witnesses who were unworthy of belief, it is, we think, fair to presume that it would have been extremely difficult to satisfy a jury that the evidence of the defendant and his witnesses could not be relied upon. But however that may be, a new trial should not be granted on the ground of newly-discovered evidence, when the testimony proffered is for the purpose of impeachment merely. (*Lee v. Bermingham*, 39 Kan. 320; *Parker v. Bates*, 29 id. 597; *Taylor v. Thomas*, 17 id. 598.)

The demurrer to the amended petition was properly sustained.

All the Judges concurring.