[S. F. No. 3786.   Department Two.—January 7, 1907.]

## FRED H. MEYER, Respondent, v. JOHN F. O'ROURKE, Executor of Will of Patrick O'Rourke, Deceased, Appellant.

QUIETING TITLE—SUFFICIENCY OF COMPLAINT—OWNERSHIP IN FEE.—A complaint in an action to quiet title which alleges that "plaintiff now is, and for some time hitherto has been, the owner and in possession of" the land described, and that "defendant claims some title or interest therein, and has none," states a cause of action, and is to be construed as alleging "ownership in fee" in the plaintiff.

ID.—ISSUES—PLEA OF "OWNERSHIP IN FEE SIMPLE"—GENERAL FINDING FOR PLAINTIFF.—Where the answer took issue upon the complaint and pleaded "ownership in fee simple" in the estate of a deceased person, a general finding for plaintiff that "each and all of the allegations of plaintiff's complaint are true and are sustained by the evidence" is sufficient to support a judgment for the plaintiff, notwithstanding failure to find upon the plea of such ownership in fee simple.

ID.—COSTS — PERSONAL JUDGMENT AGAINST EXECUTOR — DISCRETION — UNNECESSARY FINDING.—The costs in an action to quiet title against an executor, which was contested by him, are an incident to a judgment for the plaintiff; and it was within the discretion of the court to award the costs against the executor personally, without any necessity of finding mismanagement or bad faith of the executor.

ID.—GENERAL RULE AS TO COSTS AGAINST EXECUTOR INDIVIDUALLY—APPLICATION TO PROBATE COURT.—In the absence of special statutes as to costs against an executor, the general rule is that costs should be imposed upon the executor individually, leaving him the right to seek an allowance for payment thereof from the probate court, which may allow it or not, according as his conduct in the suit may appear to it discreet or otherwise.

ID.—APPEAL BY EXECUTOR — CONSTITUTIONALITY OF STATUTE NOT INVOLVED—REMEDY BY INDIVIDUAL MOTION AND APPEAL.—Upon appeal by the executor as such from the costs awarded against him, the estate is not an aggrieved party entitled to raise the question of the constitutionality of section 1509 of the Code of Civil Procedure. In order to have his objection thereto considered, he should have connected himself individually with the proceedings by motion for relief from the costs, and appeal in his individual capacity as a party aggrieved.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

CL Cal.—12

The facts are stated in the opinion of the court.

Robert P. Troy, for Appellant.

Vogelsang & Brown, and Bertin A. Weyl, for Respondent.

HENSHAW, J.—This was an action to quiet title, brought against John F. O'Rourke as executor of the last will of Patrick O'Rourke, deceased. The complaint alleged "that plaintiff now is, and for some time hitherto has been, the owner and in possession of that certain piece of land," describing it. The answer was denial, with an allegation "that the real property in said complaint described is owned in fee simple by the said estate of Patrick O'Rourke, deceased." After trial the court found that "each and all of the allegations of plaintiff's complaint are true and are sustained by the evidence." It is urged that the findings are insufficient to support the judgment, in that there is a failure to find upon the affirmative allegation of the answer that the estate of Patrick O'Rourke owned the property in fee simple. A complaint which alleges that plaintiff is the owner and in possession of certain lands, and that defendant claims an estate or interest therein, but has none, states a cause of action. (*Rough* v. *Simmons,* 65 Cal. 227, [3 Pac. 804].) The ownership and right of possession, as unqualifiedly averred in the complaint, is an allegation of ownership in fee. (Civ. Code, secs. 680, 761, 762.) The finding of the court, therefore, that all the allegations of the complaint are true, is sufficient to support the decree which was given in plaintiff's favor.

But the principal contention on this appeal is against the award of costs. The court awarded costs against John F. O'Rourke personally. The provisions of the Code of Civil Procedure bearing upon this are sections 1031 and 1509. Upon authority of former decisions of this court, construing and applying those sections,—viz. *Hicox* v. *Graham,* 6 Cal. 167, and *Stevens* v. *San Francisco etc. R. R. Co.,* 103 Cal. 252, [37 Pac. 146],—the order the court here made was within its discretion. Most of the matters presented against this award were urged in *Stevens* v. *San Francisco etc. R. R. Co.,* 103 Cal. 252, [37 Pac. 146], and must be taken to have been decided adversely to the present contention. The Stevens

case, however, having been tried before a jury, differs in that respect from the case at bar, which was tried by the court, and it is urged that there should have been a finding of the mismanagement and bad faith of the executor before costs could have been awarded against him personally. Costs, however, are but an incident of the judgment, and no finding was necessary. Appellant's argument against the constitutionality of section 1509 of the Code of Civil Procedure is the familiar one that he is a defendant in his representative capacity as executor; that an award of the costs against him personally deprives him of property without due process of law, in that he personally was not a party to the action, and that the section is unconstitutional in not conferring upon him process of law, and allowing him an opportunity to be heard in his individual capacity. The contention, however, so far as this case is concerned, proves too much. He appeals in his representative capacity, and upon his appeal seeks to have himself, in his individual capacity, relieved from this imposition of costs. Upon this appeal, therefore, as the executor of an estate, charged with its preservation and conservation, he occupies a position in hostility to it, in endeavoring to have the burden of the costs of litigation removed from his individual shoulders and cast upon the estate which he represents. So far as the estate is concerned, which alone he represents upon this appeal, the estate is not an aggrieved party. So far as he individually is concerned, if weight is to be accorded to his objections as to the constitutionality of the section, he should have connected himself with the proceedings in the trial court after the imposition of costs upon him individually, and so, in his proper and individual capacity as a party aggrieved, have come before this court for relief. It was perfectly proper for him in his individual capacity to have made appropriate motion in the court below, connecting him with the litigation, and seeking relief. (*McCarthy v. Speed*, 16 S. Dak. 584, [94 N. W. 411].) Moreover, if the appellant's views as to the unconstitutionality of section 1509 of the Code of Civil Procedure should be held valid, the same vice of want of notice inheres in section 1031 of the Code of Civil Procedure, with the result that we are left without a statute bearing upon the imposition of costs in case of the executor or administrator, excepting the general provision of

section 1022 of the Code of Civil Procedure. In such case the rule is well settled, and is indeed commended, that the costs should be imposed upon the executor individually, and not upon the estate, nor upon him in his representative capacity. There is left to him the right to seek an allowance from the estate in a proper case. If, however, the litigation has been unjust or ill-advised, then, to prevent the dissipation of estates at the hands of careless executors, the executor individually will be compelled to bear the burden. Thus says the supreme court of Massachusetts, in *Hardy* v. *Call*, 16 Mass. 530: "If the judgment for costs could be legally recovered against the goods and estates of testators and intestates, all such estates might go for the payment of costs in frivolous suits. Judgment, therefore, in every case commenced by an executor or administrator in which defendant becomes entitled to costs ought to be entered against such executor or administrator personally. After payment he may charge the amount in his account of administration, to be allowed or not as it may appear to the judge of the probate court that the suit was discreet or otherwise." (See, also, *Lynch* v. *Webster*, 17 R. I. 513, [23 Atl. 27]; *O'Hear* v. *Skeeles*, 22 Vt. 152; *Williamson* v. *Childress*, 26 Miss. 328; *Show* v. *Conway*, 7 Pa. St. 136.)

For the foregoing reasons the judgment appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.