[Civ. No. 7146. First Appellate District, Division One.—September 26, 1930.]

M. J. O'MALLEY, Appellant, v. ELLEN CARRICK et al., Respondents.

M. J. O'Malley, *in pro. per.,* and A. J. Hennessy for Appellant.

T. J. Crothers and Charles M. Frey for Respondents.

KNIGHT, J.—In this action the trial court made an order sustaining a demurrer to the complaint without leave to amend, and from the judgment entered in favor of defendants pursuant to such order the plaintiff appeals.

In the first paragraph of the complaint it was alleged that James R. Carrick died intestate on January 9, 1923; that on February 8, 1923, one of the defendants above named was appointed administratrix of his estate, and that both defendants were his only heirs at law, and as such succeeded to his estate. In the second and concluding paragraph of the complaint it was alleged that "at the time of his death the said decedent was an administrator of the estate of Catherine Ross, deceased, and defendant as such in an action brought against him by plaintiff, M. J. O'Malley, in the superior court in and for the city and county of San Francisco, and in which action the said M. J. O'Malley as plaintiff therein recovered judgment for costs against said James R. Carrick. That the costs expended by said M. J. O'Malley in said action and remaining unpaid her is the sum of four hundred and fifty-three and 35/100 dollars", for which amount judgment was prayed. The grounds of the demurrer were that the complaint did not state facts sufficient to constitute a cause of action against defendants or either of them, and that the cause of action attempted to be stated therein was barred by the statute of limitations.

As will be seen from the allegations of the complaint, the plaintiff seeks to hold defendants liable for a judgment of costs rendered against James R. Carrick, as administrator of the estate of Ross, several years prior to the commencement of this action, upon the theory that being his heirs at law and having succeeded to his estate, they are liable for his debts. We are of the opinion that no such liability existed and therefore that the demurrer was properly sustained without leave to amend.

Sections 1031 and 1509 of the Code of Civil Procedure each purport to declare a rule dealing with the individual liability of an administrator for costs incurred by him as such administrator in prosecuting or defending actions on behalf of the estate he represents; and there appears to be some confusion in the authorities as to whether the rules there set forth are conflicting. (*Stevens* v. *San Francisco*

*& N. P. R. Co.,* 103 Cal. 252 [37 Pac. 146]; *Leonis* v. *Leffingwell,* 126 Cal. 369 [58 Pac. 940]; *Meyer* v. *O'Rourke,* 150 Cal. 177 [88 Pac. 706].) The rule as stated in section 1031 is as follows: "In an action prosecuted or defended by an executor, administrator, . . . costs may be recovered as in action by and against ·a person prosecuting or defending in his own right; but such costs must, by the judgment, be made chargeable only upon the estate, fund, or party represented, unless the court directs the same to be paid by the plaintiff or defendant, personally, for mismanagement or bad faith in the action or defense." And the rule as declared in section 1509 is that: "When a judgment is recovered, with costs, against any executor or administrator, he shall be individually liable for such costs, but they must be allowed him in his administration accounts, unless it appears that the suit or proceeding in which the costs were taxed was prosecuted or defended without just cause."

It cannot be ascertained from the allegations of the complaint whether, in rendering the judgment for costs against Carrick as administrator of the estate of Ross, the trial court exercised the authority conferred by the provisions of section 1031 by incorporating in its judgment a provision specifying against whom, the estate or the administrator, the costs were chargeable; or whether relying upon the provisions of section 1509, it made no order whatever in the premises, in which case the administrator would be liable therefor individually, with the right to seek reimbursement therefor from the estate.

But so far as the question of the liability of these defendants is concerned, it would seem to make little difference whether it be deemed that the estate of Ross or the administrator individually was liable therefor, because if the estate of Ross was liable, the judgment for the costs should have been collected from that estate, during the course of the administration thereof, in the manner provided by section 1504 of the Code of Civil Procedure; or if Carrick was individually liable therefor, the judgment for costs should have been "filed with the clerk or presented to the administrator, like any other claim", as provided in section 1505 of said code (see, also, *Sanders* v. *Russell,* 86 Cal. 119 [21 Am. St. Rep. 26, 24 Pac. 852]; 11 Cal. Jur. 693). But

in neither case can the heirs of Carrick be held liable as such for the payment of said judgment.

Plaintiff, in support of her theory, relies to some extent on the provisions of section 1408 of the Civil Code, which reads: "Those who succeed to the property of a decedent are liable for his obligations in the cases and to the extent prescribed by the Code of Civil Procedure." But manifestly that section has no application to debts of the decedent which the law requires shall be presented to the court or to the estate's representative and paid during the course of administration.

As provided in section 1650 of the Code of Civil Procedure, when the accounts of the administrator have been settled and an order made for the payment of debts and distribution of the estate, no creditor whose claim was not included in the order for payment has any right to call upon the creditors who have been paid, or upon the heirs, devisees or legatees to contribute to the payment of his claim.

In view of the conclusion we have reached on the question of the liability of the defendants, it becomes unnecessary to consider or determine the other points urged by them in support of the trial court's order sustaining the demurrer.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 24, 1930.