[L. A. No. 20944. In Bank. Mar. 15, 1950.]

FEDERAL FARM MORTGAGE CORPORATION, Appellant, v. MARION G. SANDBERG et al., Respondents.

(1)

Richard W. Young, Morton G. Hoffman and Daniel Schnabel for Appellant.

Arch. H. Vernon, Earl E. Johnson, Gilbert E. Harris and W. T. Stockman for Respondents.

TRAYNOR, J.—Harold Sandberg died testate in 1939, and his widow Marion G. Sandberg was appointed executrix of his estate. Thereafter plaintiff presented two claims against the estate, which were allowed and approved. One was secured by a deed of trust on the real property owned by decedent; the other was unsecured. The sole beneficiary of decedent's will was Marion Sandberg. In 1940, before the distribution of the estate, she assigned all her interest therein to defendants Mr. and Mrs. Von Piontkowski. In July, 1944, she filed a document entitled ''Waiver of First and Final Account; Report of Executrix; Petition for Distribution; Petition for Attorney Fees.'' She erroneously stated therein that both of plaintiff's claims were secured by the only assets of the estate, the real property involved in this action, and that ''there are no claims presented or allowed in the within entitled Estate that remain unpaid or unsecured at the present time.'' Neither of the claims had in fact been paid. The probate court entered its order approving the final report and distributing to the Von Piontkowskis ''All of the right, title, and interest of said decedent and his estate in and to'' the real property. The Von Piontkowskis sold the property to defendant Vedder.

Vedder conveyed the property to defendant D. G. Vedder Company, and the latter sold the property to defendant El Tejon Ranch Company. In the course of this last sale, approximately two years after the decree of distribution became final, the escrow holder paid the secured claim against the property, but on the instructions of the D. G. Vedder Company refused to pay the amount of plaintiff's unsecured claim against the Sandberg estate. Plaintiff then brought this action for declaratory relief to have the court determine either that a lien existed against the real property or that the Von Piontkowskis were constructive trustees of the amount of its claim under the provisions of Civil Code, section 2224. The trial court entered judgment for all defendants in reliance on the decree of distribution, and plaintiff has appealed.

Plaintiff does not attack the jurisdiction of the probate court to enter the decree but contends that the decree must be construed either as creating a lien on the property for its unsecured claim or as leaving undisturbed a lien created earlier in the probate proceedings by the allowance and approval of its claim. Plaintiff contends that the allowance and approval of a claim when the executrix is the sole beneficiary should give the claim the force and effect of a judgment against the estate. It is settled, however, that the allowance and approval of a claim does not give it the force of a judgment. (Prob. Code, § 713; *Haub* v. *Leggett*, 160 Cal. 491, 494 [117 P. 556]; *Estate of Naegely*, 31 Cal.App.2d 470, 474 [88 P.2d 715].) Even if it did, it would create no lien on the assets of the estate. (Prob. Code, § 730.)

Plaintiff contends that the recital in the decree of distribution that ''said report is in all respects approved'' incorporated the executrix's final report into the decree by reference, and that therefore the statement in the report that plaintiff's claim was ''still due and secured by the real property'' was sufficient when incorporated in the decree to create a lien on the property.

Although the probate court may incorporate into its decree of distribution some other document either expressly or by apt reference (*Horton* v. *Winbigler*, 175 Cal. 149, 158 [165 P. 423]; *Goad* v. *Montgomery*, 119 Cal. 552, 558 [51 P. 681, 83 Am.St.Rep. 145]), in this case it did not do so. There is nothing in the decree to suggest that the distributive provisions were to be modified by the executrix's report. Moreover, if the approval of the report were sufficient to incorporate its terms by reference, it would create a direct conflict between

the recitals in the report and the distributive provisions of the decree. Since plaintiff's claim against the estate was unsecured, it did not reduce Harold Sandberg's or his estate's right, title, and interest in the real property. It was precisely this interest, however, that the probate court distributed to the Von Piontkowskis. It did not, in making its decree, create a lien in accordance with the recital in the report. The situation is thus the same as one where the decree of distribution departs from the terms of a will it purports to be carrying out.

In either case in the absence of extrinsic fraud or mistake, when the decree becomes final, it is res judicata as to the rights of all persons interested in the estate. (*Estate of Loring*, 29 Cal.2d 423, 428 [175 P.2d 524] ; *Estate of Easter*, 24 Cal.2d 191, 194 [148 P.2d 601] ; *Dabney* v. *Dabney*, 54 Cal. App.2d 695, 701 [129 P.2d 470] ; *O'Malley* v. *Carrick*, 108 Cal.App. 520, 523 [291 P. 871] ; *Benning* v. *Superior Court*, 34 Cal.App. 296, 299 [167 P. 291] ; Prob. Code, §§ 955, 1021.)

Plaintiff contends, however, that even if the decree did not create a lien in its favor, the Von Piontkowskis received the property free of its claim by fraud or mistake within the meaning of Civil Code, section 2224,* and that they should therefore be declared constructive trustees of the proceeds of the sale of the property to the extent of plaintiff's claim. Whether or not the executrix reported that plaintiff's claim was secured through fraud or mistake or the probate court by mistake failed to distribute the property subject to a lien, plaintiff is not entitled to equitable relief to avoid the decree. "The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. [Citations.] Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] If an unsuccessful party to an action has been kept in ignorance thereof [citations], or has been prevented from fully participating therein [citations], there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect

---

*"One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

himself from any fraud attempted by his adversary. [Citations.] Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. [Citations.]'' (*Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105]; *Gale* v. *Witt,* 31 Cal.2d 362, 367 [188 P.2d 755]; *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 18 [193 P.2d 728].)

In the present case statutory notice of all proceedings was given. Although plaintiff had actual knowledge of the probate proceedings and filed its claim, it did not file a request for special notice of further proceedings. (See Prob. Code, § 1202.) After its claim was approved, it assumed the probate court would proceed correctly and made no effort to keep informed of the proceedings. Its failure to protect its interests was caused not by fraud or mistake on the part of others, but by its own inaction. Accordingly, equitable relief may not be granted to avoid the decree of distribution.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.