FRANK GARTEIZ, Appellant, *v.* BERTHA E. GAR-
    TEIZ, Administratrix of the Estate of Charles
    W. Garteiz, Deceased, BERTHA E. GARTEIZ,
    JERELYN SUE GARTEIZ, and WILLIAM
    CHARLES GARTEIZ, Respondents.

No. 3729

March 26, 1953.                    254 P.2d 804.

*L. O. Hawkins,* and *Ralston O. Hawkins,* of Las Vegas,
for Appellant.

*James A. Callahan,* of Winnemucca, and *McCarran,
Rice, Wedge and Blakey,* of Reno, for Respondents.

## OPINION

By the Court, EATHER, C. J.:

Plaintiff appeals from a judgment for defendants and from an order denying his motion for a new trial. The parties will be referred to as they appeared in the district court. The action was tried without a jury and on July 7, 1952 judgment was rendered in favor of defendants. The parties stipulated to waive oral argument and to submit the appeal on briefs, and it was so ordered.

The facts are not in dispute. In so far as it is necessary to state them for the purpose of presenting the law question involved, they are as follows:

On October 9, 1941, the plaintiff, Frank Garteiz, entered into a written agreement with F. M. Garteiz and Charles W. Garteiz, his sons, by which the sons promised to pay plaintiff the sum of $300 each month thereafter during his lifetime, together with reasonable burial and funeral expenses upon his death. There was valuable consideration to support the agreement.

Charles W. Garteiz died intestate September 6, 1943, and his brother, F. M. Garteiz, thereafter died testate leaving plaintiff a life estate in certain property but he receives nothing from that estate under the agreement, which gives rise to the present controversy. The defendants are Charles's surviving widow and two minor children.

On October 6, 1943, after proper petition and order of appointment, defendant Bertha E. Garteiz, widow of Charles, qualified as administratrix of Charles's estate. Notice to creditors was thereupon given, and on November 12, 1943, plaintiff filed a claim against the estate for $900, based on unpaid installments of $150 each for the months of March through August, 1943. He attached a copy of the agreement of October 9, 1941 to his verified claim. It does not appear from the record why the claim made no demand for the months of September, October and November, 1943. The claim was approved by the administratrix and allowed by the court the same day as presented. It was paid in full, and there is no dispute as to that payment.

On June 20, 1944, about six months after the time limited for filing claims against the estate, defendant Bertha E. Garteiz, as administratrix, filed an ex parte petition with the probate court seeking authority to pay plaintiff the sum of $1,500 representing 10 installments of $150 each for the months of September, 1943, through June, 1944, and the further authority to pay plaintiff $150 per month for the balance of his life, all pursuant to the agreement of October 9, 1941. The next day an order was entered by the court authorizing and

directing the administratrix to make the above-described payments. It is not claimed that notice of any kind was given as to the filing of the petition or the consequent hearing and order.

After due and proper notice, and on January 22, 1946, a hearing was had on the administratrix's first and final account and petition for distribution of the estate. In her final account the administratrix included among the claims filed within the time allowed by law . plaintiff's claim for $900, together with another by him for $918. The expenditures for which she sought credit in her account included a separate item amounting to $4,200 labelled "Monthly Allowance to Frank Garteiz." Thereupon the court made and entered its order approving, allowing and settling the first and final account and decreeing distribution of the estate to the defendants. In such order the court found that all claims filed against the estate had been paid in full.

On March 24, 1950, Bertha E. Garteiz received her discharge as administratrix. The order allowing the final account and the decree of distribution remain undisturbed by either a motion to modify or appeal. The plaintiff has received nothing since December, 1945. This action was commenced May 8, 1950.

By his complaint plaintiff seeks judgment against defendants for $150 for each month from January 1, 1946, with interest, and a lien for such amount on the property coming from the estate of Charles W. Garteiz and now held by the defendants.

Plaintiff urges reversal of the judgment below on the ground that the order of June 21, 1944 authorizing and directing Bertha E. Garteiz to pay him $150 a month for the rest of his life is a judgment standing unaffected by the order approving the first and final account or the decree of distribution. He admits the regularity of the order and decree and that they may not be attacked collaterally, and he makes no claim that there is anything in the record to afford a basis for a direct attack

on the decree of distribution on the ground of extrinsic fraud. We feel the judgment of the trial court must be affirmed for the following reasons:

1. The court's power to make the order of June 21, 1944, in effect an order of priority of payment, and made prior to any settlement of account, is at least doubtful. In re Spanier's Estate, 120 Cal. 698, 53 P. 357. This is especially so when made ex parte and without notice. In re Smith's Estate, 122 Cal. 462, 55 P. 249. See also Simons v. Davenport, 66 Idaho 400, 160 P.2d 464; sec. 9882.283, N.C.L.1931–1941 Supp. Lack of verification and failure to comply in other respects with our statute, sec. 9882.121, N.C.L.1931–1941 Supp., as well as the fact that it was filed long after expiration of the statutory time for filing claims, leave very little in the so-called claim to support the order. As to lack of an administrator's power to waive the provisions of the claim statute, see Davis v. Shepard, 135 Wash. 124, 237 P. 21, 41 A.L.R. 163, and in re Landers' Estate, 34 N.M. 431, 283 P. 49. Nor did the claimant seek sequestration of assets for payment of a claim not yet due under sec. 9882.227, N.C.L.1931–1941 Supp. It was not the duty of the administratrix to move for such sequestration. Cox v. Mackenzie, 70 Ariz. 308, 219 P.2d 1048. Without pursuing all or any of these frailties of the order to a conclusion, it is at least patent that such order, made under the circumstances recited, did not and does not have the effect of a final judgment.

2. On January 22, 1946, after proper notice, the court approved the administratrix's first and final account by order and decree, and entered its formal decree of distribution. When it entered that order and decree, the probate court had jurisdiction over the subject matter, over all persons interested in the estate, including creditors, and had undoubted authority to enter the particular

order.[1] When the decree of distribution became final, it was res judicata as to the rights of all persons interested in the estate in the absence of extrinsic fraud. Royce v. Hampton, 16 Nev. 25 at 30; Benning v. Superior Court, 34 Cal.App. 296, 167 P. 291; Federal Farm Mortgage Corporation v. Sanberg, 35 Cal.2d 1, 215 P.2d 721, at 723; State v. Duncan, 333 Mo. 673, 63 S.W.2d 135, at 139, and cases there cited.

The decree of distribution is now immune from collateral attack. Dabney v. Dabney, 54 Cal.App.2d 695, 129 P.2d 470; King v. King, 83 Wash. 615, 145 P. 971. There is nothing in plaintiff's complaint, or elsewhere in the record, to suggest the propriety of fastening a constructive trust on the property which the defendants took as heirs of Charles W. Garteiz. Such a trust can be established only by allegations of extrinsic fraud pleaded with particularity and supported by clear and convincing proof. Direct attacks on judgments or decrees which have become final in this jurisdiction must be supported by such pleading and proof. Confer v. District Court, 49 Nev. 18 at 26, 234 P. 688, 236 P. 1097; Calvert v. Calvert, 61 Nev. 168, 122 P.2d 426; Mazour v. Mazour, 64 Nev. 245, 180 P.2d 103.[2]

We have given careful consideration to the numerous cases cited by appellant as being contrary to the views above expressed or as bearing otherwise upon the situation, but we do not consider them in point.

[1] In her first and final account and petition for distribution the administratrix made no mention of the existence of the order of June 21, 1944 directing her to pay $150 a month to Frank Garteiz during his lifetime, nor to the contract which was the basis of that order. Neither did Hon. T. J. D. Salter, judge of said court, in his order approving the first and final account and decreeing distribution of the estate to the widow and minor children of the decedent, mention such order or contract. The testimony in support of the account and petition for distribution was not transcribed. Speculation as to what explanation there might be for this situation would be idle.

[2] This rule of law has been carried into the Nevada Rules of Civil Procedure (N.R.C.P.), Rule 9 (b), which became effective January 1, 1953.

We have carefully considered each and every point made by the appellant, and given the whole case that attention which its importance demanded and have arrived at the conclusion that the judgment should be affirmed.

It is so ordered. Respondents are allowed their costs.

MERRILL and BADT, JJ., concur.