[Civ. No. 20805. Second Dist., Div. One. May 16, 1955.]

Estate of BEN ALVAREZ, Deceased. MARY ESTRADA et al., Appellants, v. BEN ALVAREZ et al., Respondents.

*Assigned by Chairman of Judicial Council.

16

Larwill & Wolfe and Charles W. Wolfe for Appellants.

C. Paul DuBois, Hunter & Liljestrom and Kenneth H. Clausen for Respondents.

DORAN, J.—The appeal herein is from an order which denied a petition by a judgment creditor praying that the administratrix of the estate of Ben Alvarez, deceased, be required to pay the judgment of such creditor. At the time of death, an action for fraud against the decedent was pending, instituted by the appellants.

Mr. Alvarez died on January 14, 1951, and on September 24, 1951, letters of administration were issued to Lola G. Alvarez. On December 27th, appellants filed a creditors' claim against the estate setting forth the pendency of the action and the nature and amount of the claim, which claim was duly rejected by the administratrix. Thereafter Lola G. Alvarez, administratrix, was regularly joined as a party defendant in the appellants' action, and appeared in said action.

On June 16, 1952, the administratrix filed in said estate a first and final account and petition for distribution, which together with a supplement to the account were heard on July 16, 1952. The present appellants appeared at such hearing and objected to approval of the account and distribution and closing of the estate without providing for payment of the appellants' claim hereinbefore referred to. The account was approved and distribution of all assets ordered to Lola G. Alvarez, administratrix and widow of the deceased, which distribution was accordingly made, the distributee's receipt therefor being filed on August 18, 1952, since which date the administratrix has had no estate assets. No appeal was taken from the order approving the final account and ordering distribution.

Thereafter, appellants' action came on for trial in the superior court, and on January 27, 1954, a written stipulation was entered between appellants and Lola G. Alvarez

that appellants have judgment in the sum of $5,000. The judgment entered was against Mrs. Alvarez personally and as administratrix. This stipulation specifically provides that certain personal property should be sold and the proceeds applied on account of the judgment; that Mrs. Alvarez obtain a $1,000 loan, also to be applied on the judgment, and that in addition to the foregoing, Mrs. Alvarez should pay $25 per month, or more, on the judgment. The judgment entered on February 11, 1954, provided that "payment of said judgment is to be made pursuant to the written stipulation of the parties filed concurrently herewith." On July 1, 1954, the appellants filed an abstract of said judgment in the estate proceedings, and on July 13th filed a "petition for order for payment of claim," which petition was denied, and this appeal followed.

It is appellants' contention that since section 954 of the Probate Code makes an administrator personally liable for the payment of an allowed claim, the judgment in appellants' action "is and was at the time of the hearing in the probate proceedings, *res adjudicata*," and that therefore "The Court in probate erred in refusing to order the administratrix to pay said judgment." It is also claimed that "The administratrix has waived any grounds she might possibly have to evade the effect of the judgment."

The appellants' position is untenable. ██ As stated in respondents' brief: "When the court overruled the appellants' objections and ordered a final distribution of the estate the appellants' remedy was to appeal from the court's order if they wished to protect their rights. The order decreeing distribution became final and is now conclusive as to all unpaid creditors."

Section 931 of the Probate Code provides that "The order settling and allowing the account, when it becomes final, is conclusive against all persons interested in the estate." In section 952, it is provided that "If the property of the estate is exhausted by the payment order, such account shall constitute a final account, and the . . . administrator shall be entitled to his discharge on producing and filing the necessary vouchers and proof showing that he has complied with the decree."

In this case the administratrix did file a distributee's receipt showing compliance with the court's order. The fact that Mrs. Alvarez, the administratrix, was also the sole heir and distributee in no manner affects the situation. ██ "Cer-

tainly it is the law," states the court in *Estate of Mailhebuau,* 218 Cal. 202, 205 [22 P.2d 514], "that an order allowing an account which has become final is conclusive upon all unpaid creditors." ▮ Likewise, in *Federal Farm Mortg. Corp.* v. *Sandberg,* 35 Cal.2d 1 [215 P.2d 721], it was said that "in the absence of extrinsic fraud or mistake, when the decree (of distribution) becomes final, it is res judicata as to the rights of all persons interested in the estate."

It is also significant that the judgment, following the stipulation, provided explicitly how the judgment was to be paid by Mrs. Alvarez, and it must certainly be assumed that such terms were agreeable to appellants as well as to the other party signing such stipulation. As respondents say: "it is obvious from the written stipulation that the plaintiffs in that action (appellants herein) did not expect or intend to be paid out of or through the estate of the deceased." Under these circumstances, the probate court could hardly be expected to take any other action than that of denying appellants' request.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.