VALLEY BANK OF NEVADA, as Trustee of the Trust Estate of SALLY CORD HUMMEL; FIRST INTER-STATE BANK OF NEVADA, as Trustee of the Trust Estate of NANCY CORD PHELPS; U.S. NATIONAL BANK OF OREGON, Successor Trustee of the Trust Estate of SUSAN CORD PERIERA; and CITI-BANK, N.A., Successor Trustee of the Trust Estate of CHRIS CORD, Appellants and Cross-Respondents, *v.* EDWARD D. NEUHOFF and CHARLES E. CORD, Co-executors of the Estate of E. L. CORD, aka ERRETT L. CORD, aka ERRETT LOBAN CORD, Deceased, Respondents and Cross-Appellants.

No. 15798

December 18, 1986                    729 P.2d 1346

[Rehearing denied March 9, 1987]

*Guild, Hagen & Clark, Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane, Conner & Steinheimer,* Reno; *Jones, Mahoney & Brayton,* Newport Beach, California, for Appellants and Cross-Respondents.

580

*Bradley & Drendel,* Reno, for Respondents and Cross-Appellants.

*Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Amicus Curiae.

## OPINION

*Per Curiam:*

E. L. Cord died testate on January 2, 1974. By his will, he left five million dollars to trust estates previously established for the benefit of his children, grandchildren and daughter-in-law. Payment in cash, securities, or a combination of these was permitted, and no interest was to be paid on the bequest. The will further provided for the continuation of Mr. Cord's businesses, with their profits and losses charged to his estate. By decrees of distribution dated September 28, 1976 and November 19, 1976, respectively, the bequest was distributed to the trust estates. No appeal was taken from those decrees, which became final well before the end of 1976.

On March 31, 1977, the trustees petitioned for application of the Revised Uniform Principal and Income Act ("the Act"). The co-executors of Mr. Cord's estate petitioned in turn for approval of their accountings. The trustees opposed the co-executors' petitions. The district court entered findings of fact, conclusions of law and an order on January 12, 1984. The court concluded, *inter alia,* that (1) the Act did apply to the beneficiaries of the trust estates; (2) the beneficiaries were "income beneficiaries," for purposes of the Act; (3) "income" was not identical to "interest" under the Act; (4) the co-executors' accountings did not comply with the Act; (5) the beneficiaries were entitled to distribution of income derived from sales of "underproductive" property of the estate; and (6) the trustees' claims were not barred under the principle of res judicata. In the co-executors' favor, the court concluded that it was not improper to use the cash basis method of accounting and to treat all the decedent's corporations as a single entity for accounting purposes. We conclude that the district court erred in entering its order.

The trustees' attempt to disturb the distribution was untimely; their claims should have been raised in the proceedings for

distribution, and could not be raised after the decrees of distribution became final. *See* Gartiez v. Gartiez, 70 Nev. 77, 254 P.2d 804 (1953); Estate of Schmierer, 45 P. 99 (Cal. 1914). Therefore, the distributions and the calculations on which they were based should not have been disturbed.

To the extent that any claims may have arisen since entry of the decrees of distribution (however unlikely that may be, as the entirety of Mr. Cord's bequest to the trust estates was distributed under those decrees), an analysis of the interaction of Mr. Cord's will and the Act may be necessary. Therefore, we note that the language of the will supports the two rulings, *supra,* in the co-executors' favor. Further, the trial court correctly concluded that there may be "income" other than interest, and that these beneficiaries would have been entitled to any income allowed by the Act, other than the interest which the will specifically denied them. However, those issues are moot with respect to claims arising before the distribution hearings; res judicata applies. Thus, the conclusions adverse to accountings on which the distributions were based, or requiring further distribution of income, were unjustified.

We also note in passing that the trial court's conclusion number eight required corrections which apparently had already been made, and that the court incorrectly described "C, Inc.," rather than "Capital C Incorporated," as an S corporation.

For the reasons set forth above, we vacate the trial court's findings, conclusions and order of January 12, 1984, without prejudice as to any intervening claims that may have arisen subsequent to the decrees of distribution.

GUNDERSON, J., and STEFFEN and YOUNG, JJ., and RECANZONE[1] and FONDI,[2] D. J., concur.

---

[1]The Honorable Mario G. Recanzone, Judge of the Third Judicial District, was designated by the Governor to sit in the place of THE HONORABLE JOHN MOWBRAY, Chief Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.

[2]The Honorable Michael E. Fondi, Judge of the First Judicial District, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.